J-S73037-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JELANIE T. VIRGO, | : | |
| | : | |
| Appellant | : | No. 1068 MDA 2014 |

Appeal from the PCRA Order entered on June 11, 2014
in the Court of Common Pleas of Lancaster County,
Criminal Division, No. CP-36-CR-0003681-2012

BEFORE:  BOWES, WECHT and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED DECEMBER 30, 2014**

Jelanie T. Virgo ("Virgo"), *pro se*, appeals from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court thoroughly set forth the relevant facts and procedural history underlying this appeal in its Opinion, and we incorporate the court's recitation herein by reference.  **See** PCRA Court Opinion, 8/8/14, at 1-5.[1]

On appeal, Virgo presents the following issues for our review:

1. Did [the] PCRA court err in not finding trial counsel ineffective for his failure to adopt and amend [Virgo's *pro se*] pre-trial motion(s), hence depriving [Virgo] of his defense?[]

---

[1] As noted in the PCRA court's Opinion, Virgo was represented during the pre-trial and guilty plea proceedings by Christopher Lyden, Esquire, who we will hereinafter refer to as "trial counsel."

2. Did [the] PCRA court err in not finding trial counsel ineffective for his failure to challenge the violations of [the] Pennsylvania Wiretapping [and Electronic Surveillance] Act[, 18 Pa.C.S.A.] § 5701 *et seq.* [(hereinafter "Wiretap Act")]?[]

3. Did [the] PCRA court err in not finding trial counsel ineffective for his failure to adopt and amend [Virgo's *pro se*] motion(s) to impeach and challenge the record keeping requirements of the buy money, video of crime, phone records of Officer [Robert] Whiteford, and drugs?[]

4. Did [the] PCRA court err in not finding [that the] trial court abused it's [*sic*] discretion by not conducting [a] hearing [concerning Virgo's *pro se*] Motion to Remove Counsel?[]

Brief for Appellant at 4 (capitalization and quotation marks omitted).

The applicable standards of review regarding the dismissal of a PCRA petition and ineffectiveness claims are as follows:

Our standard of review of a PCRA court's [dismissal] of a petition for post[-]conviction relief is well-settled: We must examine whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

* * *

It is well-established that counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves all of the following: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error. The PCRA court may deny an ineffectiveness claim if the petitioner's evidence fails to meet a single one of these prongs. Moreover, a PCRA petitioner bears the burden of demonstrating counsel's ineffectiveness.

*Commonwealth v. Franklin*, 990 A.2d 795, 797 (Pa. Super. 2010) (citations omitted).

We simultaneously address Virgo's first three issues, as they are related and all allege ineffectiveness of trial counsel. Virgo argues that trial counsel was ineffective for (1) failing to adopt or amend Virgo's several *pro se* pre-trial Motions, including a Motion to suppress evidence; and (2) failing to challenge alleged violations of the Wiretap Act. *See* Brief for Appellant at 8-16.

In its Pa.R.A.P. 1925(a) Opinion, the PCRA court thoroughly addressed, and rejected, Virgo's above-mentioned ineffectiveness claims, and adeptly discussed the applicable law in support of its determination that trial counsel was not ineffective. *See* PCRA Court Opinion, 8/8/14, at 7-14. Our review confirms that the PCRA court's analysis is supported by the record and the law, and we therefore affirm on this basis in rejecting Virgo's first three issues. *See id.*

In his final issue, Virgo contends that the PCRA court erred by failing to find that the trial court abused its discretion by not conducting an evidentiary hearing regarding Virgo's *pro se* "Motion to Dismiss Counsel and Appoint New Counsel" (hereinafter "Motion to Remove Counsel").[2] *See* Brief for Appellant at 17-18. In this Motion, Virgo requested the removal of trial counsel, and the appointment of new counsel, based on trial counsel's failure

_____

[2] Virgo filed the Motion to Remove Counsel two weeks prior to pleading guilty in May 2013, at which hearing Virgo was represented by trial counsel.

- 3 -

to adopt or amend Virgo's various *pro se* pre-trial Motions. According to Virgo, the trial court's error in this regard deprived him of a fair trial, and the PCRA court thus erred by failing to grant Virgo a new trial on this basis. ***See id.*** at 18.

The PCRA court addressed this claim in its Opinion and determined that Virgo had waived it by failing to raise it in the trial court or on direct appeal, and that even if it was not waived, the claim does not entitle Virgo to relief. ***See*** PCRA Court Opinion, 8/8/14, at 14-16. We affirm with regard to this issue based upon the PCRA court's sound rationale, which is supported by the law and the record. ***See id.***[3]

Moreover, after reviewing the claims that Virgo presented in his response to his PCRA counsel's Motion to Withdraw as Counsel, and his response to the PCRA court's Pa.R.Crim.P. 907 Notice of intent to dismiss Virgo's PCRA Petition, we determine that the PCRA court properly held that none of these claims entitles Virgo to collateral relief.

Accordingly, because we conclude that the PCRA court neither abused its discretion nor committed an error of law by dismissing Virgo's PCRA Petition, we affirm the Order on appeal.

Order affirmed.

---

[3] We additionally observe that Virgo's claim of trial court error is not a cognizable claim under the PCRA. ***See*** 42 Pa.C.S.A. § 9543(a)(2) (listing the cognizable claims under the PCRA).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/30/2014

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA     :
                                 :
           vs.                   :        No. 3681-2012
                                 :
JELANIE T. VIRGO                 :

## OPINION

BY TOTARO, J.

Before the Superior Court of Pennsylvania is an appeal from the dismissal of a Motion for

Post Conviction Collateral Relief filed by Jelanie T. Virgo ("Defendant"). For the reasons stated

in this Court's Rule 907 Notice, the Court concluded that Defendant had failed to raise an issue

of arguable merit. Accordingly, the Court dismissed the Motion without a hearing and permitted

Defendant's counsel to withdraw from representation. On June 19, 2014, Defendant filed a

Notice of Appeal. For the reasons that follow, Defendant's appeal should be denied.

## PROCEDURAL AND FACTUAL BACKGROUND

On June 21, 2012, a Criminal Complaint was filed against Defendant charging him with

the unlawful Delivery of Cocaine within a Drug Free School Zone, as set forth in 18 Pa. C.S.A.

6317(a);[1] Criminal Conspiracy (Delivery of Cocaine);[2] and Criminal Use of a Communication

Facility.[3] These offenses arose out of an incident which allegedly occurred on March 23, 2012,

when Defendant arranged for the delivery of cocaine with another individual over a cell phone,

---

[1]  35 P.S. § 780-113(a)(30)

[2]  18 Pa. C.S.A. § 903(a)(1)

[3]  18 Pa. C.S.A. § 7512(a)

and thereafter sold cocaine to that individual in the vicinity of 402 West King Street, Lancaster, Pennsylvania. On August 10, 2012, the Court signed an Order appointing Christopher Lyden, Esquire, to represent Defendant in all proceedings before the Court, effective August 1, 2012.

On May 14, 2013, Defendant appeared before the Honorable Judge Louis J. Farina[4] and entered into a guilty plea pursuant to a negotiated plea agreement, with the terms set forth as follows: (Count 1) Delivery of Cocaine - a sentence of 2 to 4 years imprisonment; (Count 2) Criminal Conspiracy (Delivery of Cocaine) - a sentence of 2 to 4 years imprisonment; and (Count 3) Criminal Use of a Communication Facility - a sentence of 1 to 2 years imprisonment. All sentences were to run concurrent with one another, resulting in an aggregate sentence of not less than 2 years nor more than 4 years incarceration in the State Correctional Institution.

At the conclusion of a thorough oral colloquy, the Court accepted Defendant's guilty plea and sentence was imposed pursuant to the negotiated agreement.[5] (N.T. at 9). No post-sentence motions were filed by Defendant. However, on May 29, 2013, Defendant filed a Notice of Appeal to Superior Court, which was subsequently denied on January 7, 2014.[6] Thereafter, on January 13, 2014, Defendant filed a *pro se* Motion for Post-Conviction Collateral Relief.[7]

---

[4] This case was assigned to Judge Donald R. Totaro after the retirement of Judge Farina.

[5] Defendant was made eligible for the Recidivism Risk Reduction Incentive program ("RRRI") after serving 18 months of incarceration. (N.T. at 8, 10).

[6] In his Statement of Matters Complained of on Appeal in the direct appeal, defense counsel stated that Defendant wished to argue his arrest warrant was unlawful due to an invalid seal used by Magisterial District Judge Scott Albert. Because he found the issue to be "wholly frivolous," Mr.Lyden filed an *Anders* brief and sought leave to withdraw as counsel. On January 7, 2014, the Superior Court of Pennsylvania, upon independent review, found no issues to arguably support an appeal. Consequently, the judgment of sentence was affirmed and counsel's petition seeking withdrawal was granted.

[7] Defendant had submitted a prior PCRA Petition to the Court on June 13, 2013, during the pendency of his direct appeal, which was dismissed without prejudice in an Order entered June 18, 2013.

2

In his Motion for Post-Conviction Collateral Relief filed on January 13, 2014, and in the accompanying Memorandum of Law, Defendant claimed he was eligible for relief because: (1) trial counsel provided ineffective assistance of counsel;[8] (2) Defendant's guilty plea was unlawfully induced; and (3) a violation of the Pennsylvania and United States Constitutions occurred such that no reliable adjudication of guilt or innocence could have taken place.

On January 22, 2014, the Court entered an Order appointing Vincent J. Quinn, Esquire, as counsel to represent Defendant on his PCRA Motion.[9] On May 5, 2014, after investigating Defendant's claims, Mr. Quinn submitted a no-merit letter to the Court pursuant to *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) and *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), expressing the opinion that the issues raised in the PCRA Motion and an independent review of the record revealed Defendant's claims were "wholly lacking in merit." Counsel simultaneously filed a Motion to Withdraw as Counsel.[10]

Pursuant to the Rules of Criminal Procedure, this Court conducted an independent review of the record, and on May 21, 2014, the Court issued a Rule 907 Notice concluding that Defendant's PCRA Motion was patently frivolous, the allegations were not supported by the

---

[8] Defendant alleged counsel was ineffective for essentially failing to investigate or prepare for trial, failing to challenge the validity of the Magisterial District Court seal used to issue the Criminal Complaint and Affidavit of Probable Cause against the Defendant, failing to adopt or amend any of his *pro se* motions, and for failing to share discovery.

[9] Defendant filed *pro se* amended petitions on January 23, 2014, February 6, 2014, February 10, 2014, and April 21, 2014, primarily making the additional claim that counsel was ineffective for failing to seek suppression of evidence under the Wiretapping and Electronic Surveillance Control Act. These *pro se* amended petitions were also forwarded to counsel for review and consideration.

[10] On May 15, 2014, following his receipt of the no-merit letter, Defendant sent a 3-page letter directly to the Court stating he would like to proceed *pro se*, while repeating the same allegations that were contained in prior filings. For the reasons stated in the Rule 907 Notice issued on May 21, 2014, the claims made by Defendant in his letter dated May 15, 2014 were likewise found to be without merit.

3

record, and there were no genuine issues concerning any material fact. Pursuant to Rule 907 of the Pennsylvania Rules of Criminal Procedure, Defendant was allowed twenty (20) days from date of this Notice to file a response to the notice of proposed dismissal. On June 9, 2014, Defendant filed an Objection to the dismissal. However, because Defendant's response did not contain any new information regarding Defendant's previously filed PCRA claims, the Court entered an Order on June 11, 2014 dismissing Defendant's PCRA Petition.[11]

On June 19, 2014, Defendant filed a Notice of Appeal to the Superior Court of Pennsylvania. Thereafter, on June 23, 2014, Defendant filed a Statement of Matters Complained of on Appeal raising two specific claims. First, Defendant alleged his trial counsel was ineffective for not adopting and amending Defendant's *pro se* "motion to suppression." Second, Defendant claimed the trial court abused it's discretion when it did not conduct a "full and fair evidentiary hearing on defendant's motion to remove counsel."

On July 10, 2014, Defendant filed an Amended Statement of Matters Complained of on Appeal, raising four claims. Defendant's first claim is similar to the first claim in his original Statement, but apparently is expanded to allege ineffective assistance of trial counsel for failing to adopt or amend all motions filed by Defendant rather than just Defendant's "motion to suppression."[12] His second claim is that counsel was ineffective for "not challenging the

---

[11] In his Objection to dismissal, Defendant raised for the first time a claim that the trial court abused its discretion by not addressing *pro se* motions he had filed prior to the guilty plea, which sought to suppress evidence and remove trial counsel from the case. In the Order of June 11, 2014, the Court rejected Defendant's new claim by citing to the transcript which showed that Defendant never raised these issues with the Court during the guilty plea hearing. In fact, Defendant specifically acknowledged he was waiving his right to litigate any pre-trial motions by pleading guilty.

[12] Defendant filed various *pro se* pre-trial motions while represented by counsel, including an Omnibus Pre-Trial Motion on April 30, 2013, a Motion to Quash Information on May 3, 2013, and a Motion for Preservation of Evidence on May 7, 2013.

4

violation(s) of Pennsylvania's Wiretapping Act. . ." Defendant's third claim is that trial counsel was ineffective for not adopting and amending his "Motion to impeach and challenge the 'Record Keeping Requirements' of the 'BUY MONEY', 'VIDEO OF CRIME', 'PHONE RECORD' of Oficer [sic] Whiteford, and 'DRUGS.'" The fourth claim is the same as the second claim in his original Statement, that the trial court abused its discretion by not conducting a hearing on Defendant's motion to remove counsel.[13]

This opinion is written pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure.

## DISCUSSION

**A.** **Whether trial counsel provided ineffective assistance of counsel for not adopting or amending motions filed by Defendant, for not challenging alleged violations of the Pennsylvania Wiretap Act, and for not adopting or amending Defendant's Motion to impeach and challenge the Record Keeping Requirements of the Buy Money, Video of Crime, Phone Record of Officer Whiteford, and Drugs.**

Defendant's first three allegations involve claims of ineffective assistance of counsel, which the Court will consolidate for purposes of clarity. As a preliminary matter, because Defendant in his Statement of Matters Complained of on Appeal has failed to indicate precisely which motions he is referencing, or how he was prejudiced by trial counsel "not adopting and amending motion(s) filed by defendant," Defendant's vague and abstract allegations must fail under the PCRA. *See Commonwealth v. Lassen*, 659 A.2d 999, 1007 (Pa. Super 1995).[14]

---

[13] On April 30, 2013, Defendant filed a *pro se* "Motion to dismiss counsel and appoint new counsel."

[14] The Court was unable to locate in the record a specific "Motion to impeach and challenge the 'Record Keeping Requirements' of the 'BUY MONEY', 'VIDEO OF CRIME', 'PHONE RECORD' of Oficer [sic] Whiteford, and 'DRUGS,'" as referenced in the third claim of Defendant's Amended Statement of Matters Complained of on Appeal.

Assuming *arguendo*, Defendant's claims are not vague or abstract, the Court will attempt to address his allegations on the merits. A defendant seeking PCRA relief is eligible only if he shows by a preponderance of the evidence that: (1) he has been convicted of a crime under the laws of the Commonwealth of Pennsylvania and is currently serving a sentence of imprisonment, probation or parole for the crime; (2) his conviction has resulted from one of the enumerated errors listed in § 9543(a)(2); (3) he has not waived or previously litigated the issues he raises; and (4) the failure to litigate the issue prior to and during trial, or on direct appeal, could not have been the result of any strategic decision by counsel. 42 Pa. C.S.A. § 9543(a)(1)-(4).

To prevail on a claim alleging ineffective assistance of counsel, a defendant must prove that: (1) the underlying claim is of arguable merit, (2) counsel had no reasonable strategic basis for his or her action or inaction, and (3) but for the act or omission of counsel there is a reasonable probability that the outcome of the proceeding would have been different. *Commonwealth v. Kimball*, 724 A.2d 326, 333 (Pa. 1999); 42 Pa. C.S.A. § 9543(a)(2)(ii). Failure to prove any prong of this test will defeat an ineffectiveness claim. *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014).

"Counsel is presumed effective, and [appellant] bears the burden of proving otherwise." *Commonwealth v. Fears*, 86 A.3d at 804 (quoting *Commonwealth v. Steele*, 961 A.2d 786, 796 (Pa. 2008)) (internal quotation marks omitted). Defense counsel is accorded broad discretion in determining trial tactics and strategy. *Commonwealth v. Fowler*, 703 A.2d 1027, 1029 (Pa. 1997). The applicable test is not whether alternative strategies were more reasonable employing a hindsight evaluation of the record, but whether counsel's decision had any reasonable basis to advance the interests of the defendant. *Commonwealth v. Speight*, 677 A.2d 317, 322 (Pa. 1996).

6

The defendant carries the burden of proving that counsel did not act in his best interests. *Commonwealth v. Cook*, 676 A.2d 639, 647 (Pa. 1996).

Even if an underlying claim is of arguable merit, a defendant's claim of ineffective assistance of counsel will fail if that defendant fails to establish resulting prejudice. *Commonwealth v. Neal*, 713 A.2d 657, 662 (Pa. Super. 1998). The defendant must demonstrate that ineffective assistance of counsel so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth v. Whitney*, 708 A.2d 472, 475 (Pa. 1998).

Defendant in the instant case contends trial counsel was ineffective for failing to adopt or amend Defendant's *pro se* motions, including a motion to suppress evidence, and for failing to challenge alleged violations of the Wiretap Act. However, on May 14, 2013, Defendant appeared before the Court to enter into a negotiated guilty plea on the charged criminal offenses. Prior to appearing before the Court for the guilty plea, Defendant reviewed with his attorney and signed a seven-page Guilty Plea Colloquy and Post-Sentence Rights Form containing a thorough list of Defendant's pre-trial, trial, and post-sentence rights. (N.T. at 5). Later, during the guilty plea proceeding, Defendant stated to the Court that he had reviewed all of his rights with trial counsel and he understood all rights contained in the form. *Id.* On Question #23 of the colloquy, Defendant was asked whether he understood that if he filed "any pre-trial motions (such as a suppression motion), that you are giving up your right to be heard on them by pleading guilty?" *See* Guilty Plea Colloquy and Post-Sentence Rights Form. Defendant replied "Yes." *Id.*

Once a defendant has entered a guilty plea, it is presumed that he was aware of his actions and the burden of demonstrating involuntariness is upon him. *Commonwealth v. McCauley*, 797

7

A.2d 920, 922 (Pa. Super. 2001). A guilty plea is an acknowledgment by a defendant that he participated in the charged offense. *Commonwealth v. Zorn*, 580 A.2d 8, 9 (Pa. Super. 1990).

In order to withdraw a guilty plea under the PCRA, a defendant must show that ineffective assistance of counsel caused the petitioner to enter an involuntary plea of guilty. *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006). Furthermore, to prove prejudice, appellant must prove "he would not have pled guilty and would have achieved a better outcome at trial." *Fears*, 86 A.3d at 807 (quoting *Commonwealth v. Mallory*, 941 A.2d 686, 703 (Pa. 2008)) (internal quotation marks omitted).

> As the Supreme Court of Pennsylvania recently noted in *Commonwealth v. Fears*:
>
> [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as the basis for relief only if the ineffectiveness caused appellant to enter an involuntary or unknowing plea. In determining whether a guilty plea was entered knowingly and intelligently, a reviewing court must review all of the circumstances surrounding the entry of that plea.

*Fears*, 86 A.3d at 806-07 (quoting *Commonwealth v. Allen*, 732 A.2d 582, 587 (Pa. 1999)) (internal quotation marks omitted). The bottom line inquiry is whether the defendant understood what he was doing when he entered the guilty plea. *Commonwealth v. Blackwell*, 647 A.2d 915, 922 (Pa. Super. 1994) *overruled on other grounds, Commonwealth v. Taylor*, 65 A.3d 462, 467 n.4 (Pa. Super. 2013).

When determining whether a defendant has entered into a guilty plea knowingly, voluntarily and intelligently, the Court should consider the oral and written plea colloquy and off-the-record communications between the defendant and counsel. *Commonwealth v. Allen*, 732 A.2d 582, 588-89 (Pa. 1999). During a guilty plea, the court must conduct an inquiry with a defendant on the record which addresses the following: (1) does the defendant understand the

8

nature of the charges; (2) is there a factual basis for the plea; (3) does the defendant understand his right to a jury trial; (4) does the defendant understand he is presumed innocent until proven guilty; (5) is the defendant aware of the permissible range of sentences; and (6) is the defendant aware the judge is not bound by the terms of any plea agreement. *Commonwealth v. Muhammad*, 794 A.2d 378, 383 (Pa. Super. 2002); *Commonwealth v. Hallock*, 722 A.2d 180, 182 (Pa. Super. 1998); Pa. R. Crim. P. 590 Comment. The express purpose for conducting this colloquy is to ensure a defendant understands the nature of the charges to which he is pleading guilty and the rights he is waiving by pleading guilty. *Commonwealth v. Carter*, 656 A.2d 463, 465 (Pa. 1995).

The questioning of a defendant may be conducted by the judge, an attorney for either party, or by written colloquy. *Commonwealth v. Harris*, 589 A.2d 264, 265 (Pa. Super. 1991). If the written colloquy is used, it must be completed and signed by the defendant and made part of the record. It must also be supplemented by some oral explanation. *Id.*

A defendant has the duty to truthfully answer all questions at the time of the guilty plea. *Commonwealth v. Vesay*, 464 A.2d 1363, 1368 (Pa. Super. 1983). Consistent with this principle, defendants are bound by the statements they make during their plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when they pleaded guilty. *Commonwealth v. Stork*, 737 A.2d 789, 790-91 (Pa. Super. 1999); *Commonwealth v. Barnes*, 687 A.2d 1163, 1167 (Pa. Super. 1996).

As the record clearly establishes, Defendant entered into a knowing, intelligent and voluntary guilty plea, at which time he clearly acknowledged he was giving up his right to litigate any pretrial motions. During the proceeding, the trial court specifically advised Defendant that he did not have to plead guilty, but he had the right to plead not guilty and proceed to trial. (N.T.

9

at 3). The Court informed Defendant that if the case proceeded to trial the Commonwealth would have the burden of proving his guilt beyond a reasonable doubt to the unanimous satisfaction of 12 jurors. *Id.* at 3-4. Furthermore, the Court made very clear to Defendant that by pleading guilty he was waiving those rights, and the Court would find him guilty on his plea alone. *Id.* at 4. Defendant stated he understood those rights and further acknowledged he was waiving those rights. *Id.* When asked whose decision it was for him to plead guilty, Defendant stated "Mine." *Id.* at 5. When asked whether he was forced or threatened in any way to get him to plead guilty, Defendant replied "No, Your Honor." *Id.*

Prior to this on-the-record colloquy conducted by the Court, Defendant reviewed with his attorney and signed a seven-page Guilty Plea Colloquy and Post-Sentence Rights Form, containing a thorough list of Defendant's pre-trial, trial, and post-sentence rights. (N.T. at 5). Included on this colloquy form was a question which asked Defendant whether he had sufficient time to review the information contained therein with his attorney. *See* Guilty Plea Colloquy and Post-Sentence Rights Form at Question 76. Defendant replied "Yes." *Id.* Defendant was asked whether his attorney explained all of the rights on the form so he understood all his rights, and Defendant replied "Yes." *Id.* at Question 77. When asked whether he still wished to plead guilty after reviewing all information on the colloquy form, Defendant replied "Yes." *Id.* at Question 78. Defendant further acknowledged he understood all of the rights contained therein during the guilty plea proceeding, when asked by the Court. (N.T. at 5).

Thereafter, Defendant admitted to the Court that he did commit the criminal offenses as charged. (N.T. at 4-5). When asked by the Court whether there was anything he wanted to say to help decide whether to accept the guilty plea, Defendant stated "No. I'm all right. Thank you."

10

*Id.* at 7. When asked whether he understood he was going to state prison, Defendant replied "Yeah." *Id.* When asked whether he had been through this before, Defendant acknowledged that he had and he was getting tired of it. *Id.* at 8. Additionally, defense counsel stated that he had been representing Defendant on these charges since the preliminary hearing, Defendant had an opportunity to view testimony from the undercover officer at the preliminary hearing, counsel filed for and received all discovery which included incriminating evidence against Defendant, counsel reviewed evidence with Defendant, counsel reviewed possible defenses with Defendant, and Defendant was making a knowing and voluntary decision to plead guilty. *Id.* at 6.

Moreover, regarding Defendant's claim that trial counsel provided ineffective assistance of counsel for not adopting or amending unidentified *pro se* motions, where a defendant is represented by counsel there is no right to hybrid representation and no right to file *pro se* motions. *Commonwealth v. Nischan*, 928 A.2d 349, 355 (Pa. Super. 2007). Thus, when a defendant represented by counsel does file a *pro se* motion, such motions are deemed a "nullity, having no legal effect." *Id.* (citing *Commonwealth v. Piscanio*, 608 A.2d 1027, 1029 n. 3 (Pa. 1992)). In the present case, Defendant was represented by counsel when he filed his *pro se* motions. Therefore, Defendant did not have a right to file such motions, the motions did not have any legal effect, and trial counsel was not required to adopt or amend those *pro se* filings.

Furthermore, trial counsel did not provide ineffective assistance of counsel by declining to file separate motions on Defendant's behalf. In his Omnibus Pretrial Motion and Motion to Quash Information, Defendant requested that the evidence of drugs be suppressed or the Information quashed in part because the seal used by the Magisterial District Court in issuing the Criminal Complaint and Affidavit of Probable Cause was invalid. However, the record clearly

11

establishes that this claim is wholly frivolous. As shown in Exhibit "C" of the No-Merit Letter prepared by Defendant's PCRA counsel, both documents were signed by Magisterial District Judge Scott Albert, and both were stamped with a Magisterial District Judge seal. *See Finley* Letter, Exhibit "C." Both the Criminal Complaint and Affidavit of Probable Cause met the requirements as set forth in Pa. R. Crim. P. 504. Furthermore, assuming *arguendo,* some portion of one of these documents was invalid, Pa. R. Crim. P. 109 provides as follows:

> [a] defendant shall not be discharged nor shall a case be dismissed because of a defect in the form or content of a complaint, citation, summons, or warrant, or a defect in the procedures of these rules, unless the defendant raises the defect before...the conclusion of the preliminary hearing in a court case, and the defect is prejudicial to the rights of the defendant.

Pa. R. Crim. P. 109.

To succeed on a claim under the PCRA, a defendant must "plea and prove" a valid claim by a preponderance of the evidence. 42 Pa. C.S.A. § 9543. In the case *sub judice*, this claim was not adopted or advanced by trial counsel in the trial court because counsel rightfully viewed the basis for suppression as frivolous. "The failure to file a suppression motion under some circumstances may be evidence of ineffective assistance of counsel. However, if the grounds underpinning that motion are without merit, counsel will not be deemed ineffective for failing to so move." *Commonwealth v. Metzger*, 441 A.2d 1225, 1228 (Pa. Super. 1981); *see also Commonwealth v. Graves,* 463 A.2d 467, 471 (Pa. Super. 1983) ("Counsel cannot be deemed ineffective for failing to file a frivolous motion...").

Defendant further alleges trial counsel was ineffective for not challenging a violation of the Pennsylvania Wiretap Act. However, this allegation is also without merit. The Wiretap Act declares it a felony of the third degree when a person "intentionally intercepts, endeavors to

12

intercept, or procures any other person to intercept or endeavor to intercept any wire, electronic or oral communication." 18 Pa. C.S.A. § 5703(1). This broad prohibition carries a notable exception for law enforcement officials investigating suspected criminal activity, where one party to the interception consents and the interception is authorized by a designated attorney-authority for the Commonwealth. 18 Pa. C.S.A. § 5704(2)(ii). To make a claim for an unlawfully intercepted communication, a party must be an "aggrieved person" under the Wiretap Act, which is defined as "[a] person who was a party to any intercepted wire, electronic or oral communication or a person against whom the interception was directed." 18 Pa. C.S.A. § 5702.

In the instant case, Officer Robert Whiteford of the Lancaster City Bureau of Police was operating as an undercover police officer during the drug transaction which resulted in Defendant's arrest. *See Finley* Letter, Exhibit "A." According to a police report prepared by Officer Whiteford, the officer was equipped with a wire transmitter which monitored and recorded the officer's conversations. *Id.* During the course of this investigation, Officer Whiteford made contact with an individual known as David Choquette Jr. ("Choquette"), and the officer gave Choquette a cell phone in order to set up a drug transaction. *Id.* Choquette used the cell phone to contact Defendant, at which time Choquette's statements during the telephone conversation were recorded by Officer Whiteford's wire transmitter. *Id.* However, Defendant's statements to Choquette during the cell phone conversation were not intercepted. *Id.*

Thereafter, a drug transaction was arranged and carried out between Choquette and Defendant, with Officer Whiteford and other officers conducting surveillance. *See Finley* Letter, Exhibit "A." No communication of Defendant, electronic or oral, was intercepted at any point during the transaction. *Id.* In fact, Defendant acknowledged as such in Exhibit "F" of his April 21, 2014 Memorandum/Amended Petition, where the Memorandum of Interception involving

13

Officer Whiteford and Choquette clearly shows Defendant's communications were not intercepted. *See* Defendant's April 21, 2014 Memorandum/Amended Petition, Exhibit "F."

Because Defendant is not an "aggrieved person" within the meaning of the Wiretap Act, he cannot claim any of its protections. Further, because none of Defendant's statements were intercepted, there is an absence of particular evidence that could have been suppressed. Therefore, a motion to suppress would have been patently frivolous and no prejudice could possibly result from the failure to pursue such a motion. Consequently, trial counsel could not be deemed ineffective for failing to seek suppression on this ground and Defendant's claim of ineffectiveness must fail. *See Commonwealth v. Metzger; Commonwealth v. Graves, supra.*[15]

**B.**    **Whether the trial court abused its discretion by not conducting a hearing on Defendant's "Motion to Remove Counsel."**

In his fourth allegation, Defendant claims the trial court abused its discretion when it did not conduct a full and fair evidentiary hearing on his *pro se* motion to remove counsel. It is well-established that an issue that has been waived through failure to raise it in the trial court or on direct appeal cannot be addressed for the first time in a PCRA petition. 42 Pa. C.S.A. § 9544(b). Moreover, in an appeal from a denial of PCRA relief, an issue is waived if it is not raised in the original or amended PCRA petition. *Commonwealth v. Jones*, 912 A.2d 268, 278 (Pa. 2006).

---

[15] In previous filings, Defendant contended that trial counsel was ineffective for failing to share discovery with Defendant. However, Defendant's allegations were fatally undercut by his subsequent admission that shortly after December 4, 2012, he did in fact receive discovery from his girlfriend that had been provided by trial counsel. *See* "In Corporated in Reference with PCRA Petition," dated May 15, 2014. Moreover, in his Amended Ineffective Assistance of Counsel Memorandum of Law filed on April 21, 2014, Defendant included Lancaster City Bureau of Police electronic surveillance interception documents as Exhibits "E" and "F", thus evidencing Defendant's receipt of said documents in discovery. Defendant also previously claimed in various PCRA filings that his guilty plea was not knowing, intelligent or voluntary. However, as the record cited in this Opinion clearly illustrates, Defendant's guilty plea was knowing, intelligent and voluntary.

14

In the present case, Defendant first waived review of this challenge by pleading guilty and failing to raise this issue during the guilty plea hearing. On April 30, 2013, Defendant filed a *pro se* "Motion to dismiss counsel and appoint new counsel." On May 14, 2013, just fourteen days later, Defendant appeared before the Court to enter a guilty plea on said charges. Despite repeated opportunities, at no time during the guilty plea hearing did Defendant make reference to the motion to appoint new counsel he had filed, nor did Defendant express any dissatisfaction to the Court about his trial counsel. Therefore, Defendant waived the right to challenge anything but the legality of his sentence and the validity of his plea on direct appeal. *See Commonwealth v. Jones*, 929 A.2d 205, 212 (Pa. 2007). This specific challenge was again waived when Defendant failed to raise the issue on direct appeal. Finally, Defendant waived consideration of this issue by failing to include it in his original or any of his amended PCRA Petitions.[16]

Assuming *arguendo*, Defendant has not waived this issue, Defendant in his motion was requesting a change of counsel. A court's obligation when a defendant requests a change of counsel is quite distinct from when a defendant requests a waiver of counsel. When a defendant wishes to waive his right to counsel and proceed *pro se*, a court must conduct an on-the-record

---

[16] Defendant first raised this claim in his Objection to the dismissal, which was filed on June 9, 2014, in response to the Rule 907 Notice stating that Defendant's PCRA Motion was frivolous and would be dismissed without a hearing. However, a defendant may only address new issues following the PCRA court's Notice of Dismissal by requesting leave to amend his PCRA Petition. *See Commonwealth v. Rykard*, 55 A.3d 1177, 1192 (Pa. Super. 2012) *appeal denied*, 64 A.3d 631 (Pa. 2013). The PCRA court is not required to address new claims raised in a response when there has been no request for leave to amend the Petition. *Id.* Moreover, even when a request for leave to amend has been raised, the circumstances are heavily in favor of denial of that request after a 907 Notice of Dismissal has been issued and a full independent investigation has been undertaken. *Id.* Furthermore, in *Commonwealth v. Baumhammers*, 92 A.3d 708, 730 (Pa. 2014), the Supreme Court of Pennsylvania recently held that although the trial court may grant leave to amend a PCRA petition at any time, leave to amend must be sought and obtained; and hence, amendments are not "self-authorizing." *Id.* Because the court retains discretion on whether to grant a motion to amend a PCRA petition, "[i]t follows that petitioners may not automatically 'amend' their PCRA petitions via responsive pleadings." *Id.*

15

colloquy in order to ascertain whether the waiver is knowing, intelligent, and voluntary. *Commonwealth v. Patterson*, 931 A.2d 710, 715 (Pa. Super. 2007). It is reversible error for a court to fail to conduct this colloquy before allowing a defendant to proceed *pro se*. *Id.* When a defendant requests a change of counsel, the matter falls within the sound discretion of the trial court. *Commonwealth v. Basemore*, 582 A.2d 861, 865 (Pa. 1990). While a defendant generally has a right to counsel of his choosing, such a right is not afforded to defendants who receive court-appointed counsel at the expense of the public. *Commonwealth v. Rucker*, 761 A.2d 541, 542 n. 1 (Pa. 2000).

In the present case, because Defendant's *pro se* motion requested a change of counsel rather than a waiver of counsel, an on-the-record colloquy by the court was not required. Furthermore, because Defendant's counsel was appointed by the court, Defendant was not entitled to counsel of his choice. Consequently, the Court was not required to act on Defendant's *pro se* motion, particularly where Defendant never brought his motion to the attention of the Court at the time of the guilty plea.

In conclusion, Defendant faced overwhelming evidence implicating him in the crimes for which he was charged, and he did not have any viable defenses. Moreover, the issues raised in his *pro se* Omnibus Pretrial motion and Motion to Quash Information were without merit. Therefore, in order to minimize his jail sentence, trial counsel advised Defendant to accept the Commonwealth's plea offer. During the guilty plea hearing that followed, Defendant never objected to the continued representation of his trial counsel, nor did he address with the Court the existence of his *pro se* motion for new counsel. Rather, Defendant made the decision to enter a knowing, intelligent and voluntary guilty plea. Therefore, Defendant's appeal should be denied.

16

BY THE COURT:

Date:  _____August 8, 2014_____

_~~Omm n Totan~~_

DONALD R. TOTARO, JUDGE

certify this document to be filed
n the Lancaster County Office of
he Clerk of the Courts.

ATTEST: _____

Copies:  Joshua Rice Parfahe District Attorney
Clerk Jelaine P. Virgo, Defendant, *Pro Se*, # HX-3454, SCI-Camp Hill
P.O. Box 200, Camp Hill, PA 17001
*By Certified Mail, return receipt requested*

CLERK OF COURTS
2014 AUG -8 AM 11: 17
LANCASTER COUNTY, PA

17