J-S78036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| PAUL JOSEPH BEGNOCHE, | : | |
| | : | |
| Appellant | : | No. 286 MDA 2014 |

Appeal from the PCRA Order entered on January 24, 2014
in the Court of Common Pleas of Dauphin County,
Criminal Division, No. CP-22-CR-0004038-2010

BEFORE:  GANTMAN, P.J., JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:                **FILED FEBRUARY 05, 2015**

Paul Joseph Begnoche ("Begnoche"), *pro se*, appeals from the Order

dismissing his first Petition filed pursuant to the Post Conviction Relief Act

("PCRA").  *See* 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The PCRA court set forth the relevant underlying facts as follows:

In 2010, [Begnoche] was arrested and charged with the
following:  Rape of a Child Under 13 Years of Age, Involuntary
Deviate Sexual Intercourse with a Child Under 13 Years of Age,
Statutory Sexual Assault, Incest, Indecent Assault – Person
Under 13 Years of Age, Unlawful Contact or Communication with
a Minor.  [The charges arose out of Begnoche's assaults of his
daughter, who was between seven and ten years old at the time
of the incidents.]  On December 5, 2011, [] Begnoche entered a
negotiated plea of *nolo contendere* to all charges, and on the
same day[,] he was sentenced to an aggregate term of
incarceration of ten (10) to twenty (20) years[,] followed by a
consecutive term of ten (10) years' probation[,] along with
payment of costs of prosecution and fines totaling $5,500.  An
Order was entered on April 2, 2012[,] classifying [Begnoche] as
a Sexually Violent Predator ["SVP"].  No direct appeal was taken.

On November 8, 2012, [Begnoche] filed a timely first PCRA Petition[,] for which [the PCRA c]ourt appointed counsel. On February 7, 2013, PCRA counsel filed a Motion to withdraw along with a "***Turner***/***Finley***[1] Letter." The Commonwealth filed an Answer to PCRA counsel's Motion on June 12, 2013. [Begnoche] also filed several *pro se* filings[,] including objections to PCRA counsel's Motion and "***Turner***/***Finley*** Letter" and the Commonwealth's response.

PCRA Court Opinion, 12/30/13, at 1-2 (footnotes omitted, footnote added).

The PCRA court allowed PCRA counsel to withdraw and provided Begnoche Notice of Intent to Dismiss the Petition Without a Hearing. Begnoche filed an Objection to the Notice. The PCRA court subsequently dismissed Begnoche's Petition. Begnoche filed a timely Notice of Appeal.

On appeal, Begnoche has included a Statement of Questions raising fourteen questions, some including sub-issues. ***See*** Brief for Appellant at ix-xi. Due to the volume of the questions presented, we will not restate them herein. We additionally note that Begnoche has filed an appellate brief that exceeds 100 pages.

Pennsylvania Rule of Appellate Procedure 2135[2] clearly states that "[u]nless otherwise prescribed by an appellate court … a principal brief shall not exceed 14,000 words." Pa.R.A.P. 2135(a)(1). Further, "[a] principal brief that does not exceed 30 pages when produced by a word processor or

---

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] We note that the Supreme Court of Pennsylvania recently adopted amendments to Rule 2135. ***See*** 2014 PENNSYLVANIA COURT ORDER 0057. However, these amendments only apply to briefs filed after March 1, 2015.

typewriter shall be deemed to meet the limitations in paragraph (a)(1)." Pa.R.A.P. 2135(d). While Begnoche's brief is clearly in violation of the word limit, we do not deem Begnoche's claims waived.

Initially, we will address Begnoche's claims related to his entry of his *nolo contendere* plea. Begnoche contends that his plea counsel's ineffectiveness caused him to enter the involuntary plea. **See** Brief for Appellant at 4, 7, 68, 71, 79-80, 82, 83-84; **see also id**. at 105-06 (wherein Begnoche argues that his plea counsel apologized for his representation). Begnoche claims that counsel did not adequately discuss the plea terms prior to the plea colloquy. **Id**. at 69, 74, 76-78. Begnoche additionally asserts that counsel failed to prepare a proper defense strategy, which resulted in the *nolo contendere* plea. **Id**. at 71, 78. Begnoche also argues that counsel led him to believe that he was being transported to court for a pre-trial conference, and not a plea colloquy. **Id**. at 72-73, 74. Begnoche claims that as a result, he was overwhelmed by the process and did not enter a voluntary plea. **Id**. at 72-73.

Begnoche further argues that he did not enter a voluntary plea because the trial court violated the terms of the plea agreement when it re-negotiated the terms of the plea during the oral colloquy. **Id**. at 93-96. Begnoche also asserts that plea was unknowingly given because the trial court did not adequately define the nature of the charges he was facing during the colloquy. **Id**. at 4, 74, 98-99; **see also id**. at 1-3 (wherein

Begnoche argues that he was unaware of the terms of the plea colloquy and therefore entered an involuntary plea). Begnoche claims that the date of the offense utilized during the plea colloquy was erroneous. *Id*. at 97.

Here, the trial court addressed Begnoche's claims and determined them to be without merit. *See* Trial Court Opinion, 12/30/13, at 5-10;[3] *see also* Written Plea Colloquy, 12/5/11, at 1-4 (unnumbered); N.T., 12/5/11, at 2-9. We adopt the sound reasoning of the trial court for the purpose of this appeal. *See* Trial Court Opinion, 12/30/13, at 5-10; *see also Commonwealth v. Stork*, 737 A.2d 789, 790-91 (Pa. Super. 1999) (stating that "[a] defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled.").

We additionally note that Begnoche has not demonstrated that the trial court changed the terms of the plea during the oral colloquy. Indeed, the Commonwealth correctly pointed out to the trial court the terms of the negotiated plea agreement with regard to Begnoche's sentence. Begnoche does not show that the Commonwealth misrepresented the terms of the negotiated plea. Moreover, with regard the date of the offense, Begnoche accepted the date of offense, as stated during the plea colloquy, in entering

---

[3] In its Opinion, the trial court references Begnoche's argument relating to the actions of Connecticut law enforcement during the extradition process. *See* Trial Court Opinion, 12/30/13, at 8. As noted *infra*, we agree with the trial court's analysis that this argument is not cognizable under the PCRA. *See id*.; *see also* 42 Pa.C.S.A. § 9543(a)(2).

his *nolo contendere* plea. N.T., 12/5/11, at 5;[4] ***see also Stork***, 737 A.2d at 790-91. Based upon the foregoing, Begnoche voluntarily and knowingly entered the *nolo contendere* plea and plea counsel was not ineffective. ***See Stork***, 737 A.2d at 790 (stating that "[o]nce a defendant has entered a plea …, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him.") (citation omitted).

Begnoche also argues that plea counsel was ineffective for failing to file pre-trial suppression motions. Brief for Appellant at 69-70. However, it is well-settled "that a defendant who pleads *nolo contendere* waives all defects and defenses except those concerning the jurisdiction of the court, legality of sentence, and validity of plea." ***Commonwealth v. Kraft***, 739 A.2d 1063, 1064 (Pa. Super. 1999). In his plea colloquy, Begnoche explicitly waived his right to have his attorney file pre-trial motions. ***See*** Written Plea Colloquy, 12/5/11, at 2 (unnumbered); ***see also id***. (wherein Begnoche acknowledges that as a result of the plea, he can only raise issues involving the voluntariness of his plea, jurisdiction of the court, and legality of the sentence). Thus, we conclude that Begnoche's ineffectiveness claim is without merit, as he knowingly and voluntarily entered the *nolo contendere*

---

[4] Begnoche frames the argument related to the date of the offense stated at the colloquy as one affecting the legality of his sentence. Brief for Appellant at 97. However, Begnoche has not provided any pertinent argument to support such a claim. ***See*** Pa.R.A.P. 2119(a). As noted above, Begnoche entered a negotiated plea and does not demonstrate that the agreed-upon sentence was illegal.

plea and waived all defenses and defects, including the filing of suppression motions.

Begnoche also asserts that his PCRA counsel was ineffective for abandoning him and fraudulently accepting the "allotted renumeration granted by the Commonwealth." Brief for Appellant at 85; *see also id*. at 86-92.

In effect, Begnoche challenges counsel's withdrawal under the precepts of **Turner**/**Finley**. Our Supreme Court has explained the procedure for withdrawal pursuant to **Turner**/**Finley** as follows:

> 1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his review; 2) The "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed; 3) The PCRA counsel's "explanation," in the "no-merit" letter, of why the petitioner's issues were meritless; 4) The PCRA court conducting its own independent review of the record; and 5) The PCRA court agreeing with counsel that the petition was meritless.

**Commonwealth v. Pitts**, 981 A.2d 875, 876, n.1 (Pa. 2009) (citation and brackets omitted). Further, our Court held that the Supreme Court in **Pitts** did not expressly overrule the additional requirement imposed by this Court in **Commonwealth v. Friend**, 896 A.2d 607, 615 (Pa. Super. 2006), stating

> that PCRA counsel seeking to withdraw contemporaneously forward to the petitioner a copy of the application to withdraw that includes (i) a copy of both the "no-merit" letter, and (ii) a statement advising the PCRA petitioner that, in the event the trial court grants the application of counsel to withdraw, the petitioner has the right to proceed *pro se*, or with the assistance of privately retained counsel.

**Commonwealth v. Widgins**, 29 A.3d 816, 818 (Pa. Super. 2011).

Based upon our review of the record, PCRA counsel fulfilled the requirements to withdraw pursuant to **Turner**/**Finley** and the PCRA court properly allowed him to withdraw. Begnoche has not raised any additional PCRA counsel ineffectiveness claims that would allow him relief. Accordingly, we conclude that Begnoche's claims of PCRA counsel ineffectiveness are without merit.

Begnoche also raises a significant number of additional claims. **See** Brief for Appellant at 3-67, 75, 80-81, 97, 100-06. Initially, Begnoche has not demonstrated that these various claims are cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9543(a)(2).[5] Moreover, as noted above, a defendant, who knowingly and voluntarily pleads *nolo contendere*, is only entitled to raise claims involving the jurisdiction of the court, legality of sentence and the voluntariness of the plea. **See Kraft**, 739 A.2d at 1064. In light of the fact that the remainder of the claims raised on appeal are not cognizable under the PCRA, and the fact that Begnoche knowingly and voluntarily entered the *nolo contendere* plea, we need not address these claims.

Based upon the foregoing, the PCRA court properly dismissed Begnoche's PCRA Petition.

Order affirmed.

---

[5] We note that Begnoche raises a claim regarding his classification as a SVP. Brief for Appellant at 65. However, "the explicit language of the PCRA places an independent challenge to [a] classification as a SVP outside the ambit of the PCRA." **Commonwealth v. Masker**, 34 A.3d 841, 842 (Pa. Super. 2011).

Gantman, P.J., joins the memorandum.

Jenkins, J., concurs in the result.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/5/2015

Circulated 01/21/2015 01:43 PM



**ORIGINAL**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE COURT OF COMMON PLEAS |
| | : DAUPHIN COUNTY, PENNSYLVANIA |
| v. | : |
| | : DOCKET NO.: 4038 CR 2010 |
| PAUL J. BEGNOCHE | : PCRA |

## MEMORANDUM ORDER

Presently before the Court is Petitioner Paul J. Begnoche's ("Petitioner" or "Mr. Begnoche") Post-Conviction Relief Act[1] (PCRA) petition in the above-captioned matter and PCRA counsel Bryan E. DePowell, Esquire's Motion to Withdraw as Counsel. For the reasons set forth below we find that Petitioner's claims are without merit.

## PROCEDURAL HISTORY

In 2010, Petitioner was arrested and charged with the following: Rape of a Child Under 13 Years of Age,[2] Involuntary Deviate Sexual Intercourse with a Child Under 13 Years of Age,[3] Statutory Sexual Assault,[4] Incest,[5] Indecent Assault – Person Under 13 Years of Age,[6] Unlawful Contact or Communication with a Minor.[7] On December 5, 2011, Mr. Begnoche entered a negotiated plea of *nolo contendere* to all charges, and on the same day he was sentenced to an aggregate term of incarceration of ten (10) to twenty (20) years followed by a consecutive term of ten (10) years probation along with payment of costs of prosecution and fines totaling $5,500. An Order was entered

---

[1] 42 Pa.C.S. §§ 9541-9546.
[2] 18 Pa.C.S. § 3121(c).
[3] 18 Pa.C.S. § 3123(b).
[4] 18 Pa.C.S. § 3122.1.
[5] 18 Pa.C.S. § 4302.
[6] 18 Pa.C.S. § 6301(a)(1).
[7] 18 Pa.C.S. § 6318.

on April 2, 2012 classifying Defendant as a Sexually Violent Predator. No direct appeal was taken.

On November 8, 2012, Petitioner filed a timely first PCRA Petition for which this Court appointed counsel. On February 7, 2013, PCRA counsel filed a Motion to Withdraw along with a "Turner/Finley Letter."[8] The Commonwealth filed an Answer to PCRA Counsel's Motion on June 12, 2013. Petitioner has also filed several *pro se* filings including objections to PCRA's Counsel's Motion and "Turner/Finely Letter" and the Commonwealth's response. This Court has taken Petitioner's objections into consideration as part of its required independent judicial review.

## DISCUSSION

Before granting a "no merit" request, the Court must first conduct an independent judicial examination to determine if the issues raised in Petitioner's PCRA petition support a grant of relief. Commonwealth v. Bishop, 645 A.2d 274 (Pa. Super. 1994).

Mr. Begnoche claims the following grounds for relief:

- A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa. C.S.A. § 9543(a)(2)(i).

- Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no

---

[8] Commonwealth v. Turner, 544 A.2d 927 (1988), Commonwealth v. Finley, 550 A.2d 213 (1988).

2

reliable adjudication of guilt or innocence could have taken place. 42 Pa.C.S. §9543(a)(2)(ii).

- The improper obstruction by government officials of the petitioner's right to appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

- A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

Petitioner's PCRA filing and supporting documents is quite lengthy, includes his Petition for Habeas Corpus which was filed in Connecticut, and is often unclear and incoherent. From what this Court can discern, he is seeking reinstatement of his appeal rights "non [sic] Pro Tunc" and to withdraw of his guilty plea "if after consultation with his attorney...it becomes totally necessary in seeking the necessary relief the defendant needs to be absolved from the specific charges of: Rape of A Child/Incest." (PCRA Petition, "PCRA Area" (11), p. 9 of 9).

Petitioner raises four issues in his Post-Conviction Relief Act petition: (1) a violation of his constitutional rights; (2) ineffective assistance of counsel; (3) guilty plea unlawfully induced; and (4) improper obstruction by government officials of the right to appeal where a meritorious appealable issue existed. We find that none of Petitioner's claims have merit as he entered his plea voluntarily and with full knowledge and, thus, has failed to demonstrate any manifest injustice which would permit this Court to consider a request to withdraw his plea, if he so desired.

In the instant case, Petitioner entered into a negotiated plea agreement and pled *nolo contendere* to all charges. In terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea. Thus, as with a guilty plea, in order for

3

a defendant to prevail on a post sentence motion to withdraw a plea of *nolo contendere,* the defendant must demonstrate manifest injustice. Manifest injustice can be shown if the defendant establishes that he or she did not tender the plea voluntarily. Commonwealth v. Lewis, 791 A.2d 1227, 1230-31 (Pa. Super. 2002) (internal citations and quotations omitted); *see also* Pa.R.Crim.P. 591.

Petitioner's first claim is that he suffered constitutional violations that so undermined the truth-determining process, no reliable adjudication of guilt or innocence could occur. To support this claim, Petitioner argues that the police officers who questioned him in Connecticut prior to his extradition went beyond the legal bounds of interrogation. He also argues the affidavit of probable cause that was used for his arrest and subsequent conviction was falsified. In addition, he argues there were multiple Miranda[9] violations surrounding his arrest, interrogation, extradition, and detainment.

The second claim of ineffective assistance of counsel mainly stems from the circumstances surrounding Petitioner's guilty plea. On December 5, 2011, Petitioner believed he was being transported to court in order to meet with his public defender for a pre-trial conference. Instead, he was "brought directly in the courtroom" where he became "so overwhelmed ... [he] went into a[n] impervious mechanical mind-set."[10] He argues that the whole process was so traumatic that he was unable to make any intelligible and coherent decisions. Petitioner claims his public defender apologized to him, stating that his only relief was through a PCRA petition and advised him to claim

---

[9] Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).
[10] Petitioner's PCRA petition, pg. 1.

4

ineffective assistance of counsel. In addition, it is alleged that the public defender failed to submit numerous letters written by Petitioner's family and friends that display his character.

The third claim is that his guilty plea was involuntary and unlawfully induced. His argument to support this claim is similar to that above – the traumatic experience of being brought directly into the courtroom caused him to have a mental breakdown resulting in him being unable to make any intelligible decision. In addition, Petitioner argues his public defender failed to advise him of the full extent of the plea and the gravity of the charges against him.

The last claim is that there was improper obstruction by government officials of the petitioner's right to appeal where a meritorious appealable issue existed and was properly preserved. To support this claim, Petitioner argues his *pro se* "work product" was illegally seized from the Connecticut prison in which he was detained prior to extradition. In addition, Petitioner argues the Connecticut prison illegally reviewed his outgoing and incoming mail. Essentially the argument is if his "work product" was not illegally seized and held, then he would have been able to file certain petitions on time.

The issue that lies at the heart of most of Petitioner's claims is whether the *nolo contendere* plea was made knowingly and voluntarily. Pennsylvania Rule of Criminal Procedure 590(B) provides:

> **(B) Plea Agreements**
> (1) When counsel for both sides have arrived at a plea agreement, they shall state on the record in open court, in the presence of the defendant, the terms of the agreement, unless the judge orders, for good cause

shown and with the consent of the defendant, counsel for the defendant, and the attorney for the Commonwealth, that specific conditions in the agreement be placed on the record *in camera* and the record sealed.
(2) The judge shall conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of *nolo contendere* is based.

The comment to Rule 590 provides a non-inclusive set of suggested inquiries a court should make when determining whether to accept a defendant's plea:

(1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
(2) Is there a factual basis for the plea?
(3) Does the defendant understand that he or she has the right to trial by jury?
(4) Does the defendant understand that he or she is presumed innocent until found guilty?
(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?[11]

Review of the instant record reveals that Petitioner appeared with his counsel in open court on the day he pled *nolo contendere* and the Commonwealth recited the factual basis for the plea and conducted an oral colloquy which corresponded to the negotiated plea agreement. A written colloquy signed by Petitioner was admitted into the record, as well. Petitioner responded in the affirmative to the Assistant District Attorney and the Judge when asked if he understood the charges that he was facing, if he understood that he was giving up certain constitutional rights such as the right to a jury trial wherein he would be presumed innocent and that his appellate rights would be

---

[11] The comment provides a 7th suggested inquiry that is inapplicable here as it pertains to a murder charge.

6

severely limited. (Notes of Testimony, Guilty Plea/Sentencing, 12/5/11 at 3-4; 6-9).[12] Petitioner's testimony makes clear he understood that by pleading *nolo contendere* he was conceding that the Commonwealth had sufficient evidence to prove that he was guilty of the pending charges, beyond a reasonable doubt and, for sentencing purposes, he would be treated as if he had pleaded guilty, and a conviction would appear on his criminal record. (N.T. at 6-8). At the plea hearing on December 5, 2011, Petitioner indicated he "requested the nolo plea ..." because he "could never put [his] daughter on the stand to be in front of the court to have to deal with all this and sort it out in public" making it abundantly clear to this Court that he understood the action he was taking and the repercussions that would result. (N.T. at 7, lines 19-23).

Regarding the actual sentence, the Court acknowledged on the record that the parties had agreed to a sentence of incarceration of ten (10) to twenty (20) years and, further, the written colloquy reflected the same, along with the possible maximum prison term and fines that could have been imposed had he not entered a plea. (N.T. at 5-6; 8). Petitioner represented to the Court that he had had spoken with his attorney about the negotiated plea and, most importantly, that he made the decision to enter the plea voluntarily and of his own free will. (N.T. at 8).

With these facts in mind, we find Petitioner's claim of a constitutional violation to be without merit. Review of the sentencing transcript indicates that the necessary constitutional safeguards were preserved through an extensive review by counsel and the Court of Petitioner's rights and any rights that he would be forfeiting by entering a

---

[12] Hereinafter "N.T."

7

plea. Petitioner's responses were clear, concise and unambiguous. Regarding any claims that relate to actions by Connecticut law enforcement during the extradition process, we find that they are not cognizable claims that may be pursued in Pennsylvania under the Act.

Next, we also find that Petitioner's claim of ineffective assistance of counsel lacks merit. To establish ineffectiveness:

> ...a petitioner must plead and prove the underlying claim has arguable merit, counsel's actions lacked any reasonable basis, and counsel's actions prejudiced the petitioner. Counsel's actions will not be found to have lacked a reasonable basis unless the petitioner establishes that an alternative not chosen by counsel offered a potential for success substantially greater than the course actually pursued. Prejudice means that, absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different. The law presumes counsel was effective. Commonwealth v. Miner, 44 A.3d 684, 687 (Pa. Super. 2012) *citing* Commonwealth v. Cox, 603 Pa. 223, 983 A.2d 666, 678 (2009). *See also* § 9543(a)(2)(ii); Commonwealth v. Pierce, 537 Pa. 514, 645 A.2d 189 (1994).

This test is commonly known as the "Pierce test." Additionally, all three prongs of the test must be satisfied to overcome the presumption that counsel was effective. Commonwealth v. Robinson, 877 A.2d 433, 439 (Pa. 2005).

In this matter, as part of the negotiated plea, the District Attorney agreed to a ten to twenty year state prison sentence, versus the total aggregate sentence he could have received if convicted at trial which was one-hundred twenty (120) years. Counsel was present with Petitioner during entry of his plea. As stated above, the colloquy,

8

written and oral, made clear that he had consulted with his counsel and that his plea was voluntary and knowing. Additionally, regarding Petitioner's claim that he wanted to withdraw his plea and counsel's non-compliance with his wishes, Petitioner has not sufficiently plead and proven that this claim has merit. All he has provided in support of this allegation is one page of a multiple page letter from his trial counsel stating that due to the timing of the receipt of letters sent by Petitioner expressing his wish to withdraw his plea, he was unable to make such a motion with the court. Counsel then states his opinion that the only grounds on which to withdraw the plea subsequent to sentencing would be by claiming in a PCRA that he (counsel) "allowed or coerced [him] into making an involuntary plea and was therefore ineffective." This in no way amounts to an apology by trial counsel or legal advice to claim in a PCRA petition that counsel rendered him ineffective assistance of counsel. Further, we note that none of the multiple letters he claims to have sent to counsel requesting to withdraw his plea were presented to this court except one that is undated, unsigned, and bears no indication that it had ever been mailed.

Moreover, the principle of law stated by trial counsel is correct. For a defendant to request the withdrawal of a guilty plea after sentence is imposed, he is required to establish prejudice that results in a manifest injustice. As already stated above, proving manifest injustice requires that appellant show his plea was involuntary or was entered without knowledge of the charge. *See,* Lewis, *supra.* This heightened burden is necessary to prevent the use of guilty pleas as a sentence-testing device. Commonwealth v. Jones, 408 Pa. Super. 337, 340-41, 596 A.2d 885, 887 (1991) *citing*

9

Commonwealth v. Harris, 403 Pa.Super. 435, 437, 589 A.2d 264, 264-265 (1991) (citations omitted). Based upon our review of the guilty plea and sentencing transcript, Petitioner entered his plea voluntarily and knowingly, and the sentence negotiated was significantly less than the possible maximums that may have been imposed had he been convicted. As no manifest injustice has been established we find that counsel acted reasonably and that Petitioner's claim of ineffectiveness fails.

With respect to Petitioner's claim that his guilty plea was unlawfully induced, based upon our preceding analysis, we again find it lacks merit.

Petitioner's final claim is obstruction by government officials of the petitioner's right to appeal where a meritorious appealable issue existed and was properly preserved. To the extent that this Court can discern what Petitioner's claim is or what relief he is seeking, we find that it is not cognizable under the Act. Any claims pertaining to actions taken by prison officials in Connecticut or the documents provided by Pennsylvania law enforcement relating to extradition are not within the jurisdictional purview of this Court or the limited types of relief afforded by the PCRA.

Accordingly, we enter the following:

10