589 A.2d 264

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**William HARRIS, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 15, 1991.

Filed March 22, 1991.

436

Shelley Stark, Public Defender, Pittsburgh, for appellant.

Claire C. Capristo, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

Before ROWLEY, President Judge, and DEL SOLE and MONTGOMERY, JJ.

OPINION PER CURIAM:

Appellant, William Harris, pleaded guilty to attempted burglary, criminal conspiracy and receiving stolen property. The Honorable Robert Kelly imposed a sentence totalling 11½ to 23 months imprisonment followed by 2 years probation. No posttrial motions were filed. Timely notice of appeal was filed. We vacate judgment of sentence and remand for an evidentiary hearing.

■ Appellant first alleges trial counsel's ineffectiveness for failing to challenge the defective guilty plea. Appellant bears the burden of demonstrating ineffectiveness of counsel. *Commonwealth v. Miller*, 494 Pa. 229, 431 A.2d 233 (1981). He must establish that the claim has arguable merit, that trial counsel had no reasonable basis for failing to raise the issue, and that he was prejudiced thereby. *Commonwealth v. Durst*, 522 Pa. 2, 559 A.2d 504 (1989).

■ Moreover, the withdrawal of a guilty plea after sentence is imposed requires that appellant establish prejudice that results in a manifest injustice. *Commonwealth v. Vance*, 376 Pa.Super. 493, 546 A.2d 632 (1988) (alloc. den. in 521 Pa. 620, 557 A.2d 723). Proving manifest injustice requires that appellant show his plea was involuntary or was entered without knowledge of the charge. *Commonwealth v. Fenton*, 388 Pa.Super. 538, 566 A.2d 260 (1989). This heightened burden is necessary to prevent the use of guilty pleas as a sentence-testing device. *Commonwealth v. Shaffer*, 498 Pa. 342, 446 A.2d 591 (1982).

Appellant alleges trial counsel's ineffectiveness for failing to object to and preserve several issues related to the guilty plea colloquy, specifically: 1) the trial court's failure to explain the nature of the charges; 2) the trial court's failure to set forth the possible range of sentences; and 3)

the Commonwealth's failure to present a factual basis for the criminal conspiracy charge.

A voluntary and understanding plea requires that the defendant understand, at a minimum, the following factors: 1) the nature of the charges; 2) the factual basis for the plea; 3) that he has the right to trial by jury; 4) that he is presumed innocent until found guilty; 5) the permissible range of sentences and/or fines for the offenses charged; and 6) that the judge is not bound by any plea agreement unless the judge accepts such agreement. *Commonwealth v. Willis*, 471 Pa. 50, 369 A.2d 1189 (1977). The questioning confirming that a defendant is aware of these factors may be conducted by the judge, the attorney for either party or by written colloquy. However, if a written colloquy is used it must be completed and signed by the defendant, and made part of the record. The written colloquy must also be supplemented by some oral examination. Pa.R.Crim.P. 319.

Appellant contends that he was not aware of the nature of the charges. To be aware of the nature of the charge "the record must disclose that the elements of the crime or crimes charged were outlined in understandable terms." *Commonwealth v. Tabb*, 477 Pa. 115, 383 A.2d 849 (1978) (quoting *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974)). The oral plea colloquy on record provides no information as to the nature of the charges in question. During the guilty plea hearing appellant was informed that two charges were being dismissed. He was questioned as to whether he completed and could understand the written guilty plea colloquy. Finally, the Commonwealth summarized the facts and discussed issues relating to sentencing. During the oral plea colloquy, neither the court nor counsel explained the nature or elements of the crimes charged.

The Commonwealth argues that the written colloquy is sufficient to comply with Pa.R.Crim.P. 319. We find this argument unpersuasive. In the written colloquy appellant is not appraised of the nature of the crime with which he is

charged. Moreover, no question asks whether trial counsel explained the nature of the crime to appellant.[1] The written colloquy is a general form obviously intended for use in most, if not all, guilty pleas. This form does not discuss or explain those factors which are defendant specific, e.g., the nature and/or elements of the specific crimes charged.

As noted, Pa.R.Crim.P. 319 requires that this information appear on the record. Whether a defendant is aware that he has the right to trial by jury, that he is presumed innocent until found guilty and that the judge is not bound by terms of any plea agreement are factors specifically addressed by questions in the written plea colloquy.[2] Any questions concerning these factors may be addressed should a defendant so request. Those factors not appearing on the written colloquy must be addressed during the oral colloquy. The failure to address any of the factors will require that the defendant be permitted to withdraw his or her guilty plea. See *Commonwealth v. Glaze*, 366 Pa.Super. 517, 531 A.2d 796 (1987).

In *Commonwealth v. Kulp*, 476 Pa. 358, 382 A.2d 1209 (1978), the trial court had asked, on the record, if the defendant understood what the sentences could be. The defendant answered yes. The Commonwealth argued that this was sufficient to demonstrate the defendant's awareness of the permissible range of sentences. The Pennsylvania Supreme Court concluded that the "blatant inadequacy of this inquiry is so obvious that its failings need not be expounded upon." *Id.* Instantly, evidence of appellant's awareness of the nature of the crime is not merely inadequate, but nonexistent.

The Commonwealth cites *Commonwealth v. Moore*, 365 Pa.Super. 65, 528 A.2d 1364 (1987) in support of their position. In *Moore*, the appellant claimed that his guilty plea colloquy was defective in that he was not informed of

1. We do not suggest that such a question would suffice, but that the nature of the crimes is not even raised in the written colloquy as is range of possible sentences.

2. See written plea colloquy, questions 5, 13 and 25 respectively.

the possible sentences and the trial court did not establish his understanding of the charges against him. The issue addressed in *Moore* was not that the appellant "did not understand the nature of the charges, but rather, that the court failed 'to *make inquiry* of the defendant that the plea is ... understandingly entered.'" *Id.* On this issue the court determined that the trial court did make sufficient inquiry into whether defendant understood. Furthermore, the issue of range of sentences was explicitly addressed in the written plea colloquy. *Moore* is distinguishable from the present case where the record is devoid of evidence that appellant understood the nature of the charges.

Appellant's claim is of sufficient merit to permit withdrawal of his guilty plea and a trial. Prejudice is clearly indicated because appellant was not permitted to withdraw his plea notwithstanding his lack of understanding. However, although unlikely, we must consider the possibility that trial counsel had a reasonable basis for following this course of action. *Commonwealth v. Glaze, supra.* Accordingly, we remand for an evidentiary hearing on the reasonableness of trial counsel's actions. We also order appointment of new counsel not associated with the Public Defender's Office. See *Commonwealth v. Willis*, 492 Pa. 310, 424 A.2d 876 (1981). Judgment of sentence is vacated and the case remanded for a hearing consistent with this opinion.[3]

Judgment of sentence vacated and case remanded. Jurisdiction relinquished.

---

**3.** Because we are vacating judgment of sentence there is no need to consider appellant's sentencing issues at this time.