J-S12002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| TERRELL LEWIS OWENS | |
| Appellee | No. 2506 EDA 2015 |

Appeal from the PCRA Order July 20, 2015
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s): CP-46-CR-0007784-2009

BEFORE:  MUNDY, J., OLSON, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED MARCH 16, 2016**

The Commonwealth appeals from the July 20, 2015 order granting the petition for relief, filed by Appellee, Terrell Lewis Owens, pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we reverse.

A prior panel of this Court set forth the facts and procedural history of this case as follows.

> On September 16, 2010, [Appellee] pled guilty to aggravated assault and carrying a firearm without a license.  [Appellee's] convictions stemmed from his shooting the victim, Sheldon Crowder, in the leg with a pistol.  In accordance with [Appellee's] negotiated plea agreement, the court sentenced him to an aggregate term of five to ten years' imprisonment, with the Commonwealth waiving the requirements of

---

[*] Retired Senior Judge assigned to the Superior Court.

eligibility pursuant to the Recidivism Risk Reduction Incentive Act (RRRI), 61 Pa.C.S. § 4505, so that [Appellee] would be RRRI eligible after fifty months.

[Appellee] did not file a direct appeal. Instead, he filed a *pro se* PCRA petition on June 27, 2011. Counsel was appointed and an amended petition was filed on December 1, 2011. [The amended petition averred, in part, that guilty plea counsel was ineffective for not ensuring that Appellee understood the elements of the crime of aggravated assault as a first-degree felony.] On March 29, 2012, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss [Appellee's] amended petition. [Appellee] did not respond and, on June 6, 2012, the PCRA court issued an order dismissing his petition. [Appellee] filed a timely notice of appeal[.]

**Commonwealth v. Owens**, 97 A.3d 799 (Pa. Super. 2014) (unpublished

memorandum at 1-2) (citations and internal quotation marks omitted).

On February 11, 2014, this Court vacated the PCRA court's order and

remanded for an evidentiary hearing, explaining as follows.

In this case, as in [**Commonwealth v.**] **Harris**, 589 A.2d 264 (Pa. Super. 1991),] [Appellee] was not informed during the oral plea colloquy of the elements of the charge of aggravated assault. Additionally, the written plea colloquy did not set forth the elements of that offense. While [Appellee] did indicate in the written colloquy that his counsel explained to him "all the things that a person must have done to be guilty" of that crime, there is no record of what counsel told [Appellee]. Guilty Plea Colloquy, 9/17/10, at 3 ¶ 14. Thus, we cannot even begin to assess whether the information provided by counsel was sufficient, in and of itself, to satisfy the requirement that Appellant understood the nature of the charges to which he was pleading guilty. We also have no indication of counsel's rationale for not objecting to the omission of this component from the oral or written colloquies. Therefore, as in **Harris**,

we are compelled to vacate the order denying [Appellee's] PCRA petition and remand for an evidentiary hearing on [Appellee's] first claim of ineffectiveness.

*Id.* at 6-7 (footnote omitted).

After remand, on May 7, 2014, the PCRA court held an evidentiary hearing on Appellee's claim that guilty plea counsel did not inform him of the elements of aggravated assault as a first-degree felony.

> At the hearing, [Appellee] testified to the effect that counsel on the plea, Assistant Public Defender Cassidy, did not advise him off the record prior to the plea of the elements of aggravated assault as a first-degree felony except that it was "that somebody got shot" ([N.T., 5/7/14, at 4]) and that he would not have pled guilty had he been properly advised. ([*Id.* at 4-7, 13.]) Cassidy was present at the hearing but was not called as a witness by either party. The [PCRA] [c]ourt entertained the parties' oral argument, with [PCRA counsel] maintaining it was a simple matter of credibility whether the [PCRA] [c]ourt believed [Appellee's] testimony, and the Commonwealth arguing that to sustain the burden to prove counsel had no reasonable basis for her actions or inactions, counsel's testimony was necessary.

PCRA Court Opinion, 7/20/15. Thereafter, on July 20, 2015, the PCRA court granted Appellee's PCRA petition, vacated Appellee's guilty plea and judgment of sentence, and awarded Appellee a new trial. On August 19, 2015, the Commonwealth filed a timely notice of appeal.[1]

_____

[1] The PCRA court did not order the Commonwealth to file a Pennsylvania Rule of Appellate Procedure 1925(b) concise statement of matters

*(Footnote Continued Next Page)*

- 3 -

The Commonwealth presents the two following issues for our review.

1. Whether the PCRA court erred by shifting the ineffectiveness burden of proof to the Commonwealth after [Appellee's] self-serving testimony at the PCRA hearing?

2. Whether the PCRA court erred by granting relief on an ineffectiveness claim without addressing prejudice and where defendant failed to prove that—but for the alleged ineffectiveness—he would have insisted on going to trial?

Commonwealth's Brief at 3.

Our standard of review requires us to "examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." *Commonwealth v. Robinson*, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯

complained of on appeal, and the Commonwealth has not filed a Rule 1925(b) statement. Further, on August 24, 2015, the PCRA court issued a Rule 1925(a) statement, noting that its July 20, 2015 opinion set forth its reasons for granting PCRA relief. PCRA Court Statement, 8/24/15, at 1.

Court reviews the PCRA court's legal conclusions *de novo*. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

Further, in order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at Section 9543(a)(2) of the PCRA. 42 Pa.C.S.A. § 9543(a)(2). These errors include ineffectiveness of counsel. **Id.** § 9543(a)(2)(ii). The issues raised in a PCRA petition must be neither previously litigated nor waived. **Id.** § 9543(a)(3).

When reviewing a claim of ineffectiveness, we apply the following test, first articulated by our Supreme Court in **Commonwealth v. Pierce**, 527 A.2d 973 (Pa. 1987).

> [C]ourts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. Counsel cannot be found ineffective for failure to assert a baseless claim.
>
> To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him.
>
> …
>
> [T]o demonstrate prejudice, appellant must show there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different.

**Commonwealth v. Michaud**, 70 A.3d 862, 867 (Pa. Super. 2013) (internal quotation marks and citations omitted). "Failure to establish any prong of

the test will defeat an ineffectiveness claim." ***Commonwealth v. Birdsong***, 24 A.3d 319, 329 (Pa. 2011).

We begin our review with the Commonwealth's second issue, because it is dispositive of this appeal. The Commonwealth contends that Appellee did not show prejudice because "[t]he record cannot support the conclusion that, but for the alleged bad advice about the elements of aggravated assault, [Appellee] would have insisted on going to trial on all charges." Commonwealth's Brief at 17.

We have explained that a defendant is entitled to constitutionally effective assistance of counsel during the guilty plea process. ***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013).

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> [***Commonwealth v. Wah***, 42 A.3d 335, 338–39 (Pa. Super. 2012)] (internal quotation marks and modifications omitted); ***see Commonwealth v. Yager***, 685 A.2d 1000, 1003–04 (Pa. Super. 1996). Thus, to establish prejudice, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." [***Commonwealth v. Rathfon***, 899 A.2d 365, 369–70 (Pa. Super. 2006)] (quoting ***Hill v. Lockhart***, 474 U.S. 52, 59 (1985)). "The reasonable

- 6 -

probability test is not a stringent one"; it merely refers to "a probability sufficient to undermine confidence in the outcome." *Id.* at 370 (quoting *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002)).

*Id.* (parallel citations omitted).

Here, the PCRA court did not expressly find that Appellee demonstrated that counsel's failure to ensure Appellee understood the elements of aggravated assault prejudiced him, such that he would not have pled guilty if he knew the elements of aggravated assault. However, the PCRA court granted Appellee PCRA relief after crediting his testimony.[2] PCRA Court Opinion, 7/20/15, at 9, 11. Therefore, we may presume that

---

[2] The PCRA court explained that it found Appellee credible as follows.

> We did not find [Appellee's] testimony at the hearing particularly credible. On the other hand, we had no reason to disbelieve his testimony that no one had advised him of the elements of aggravated assault as a felony of the first degree; there was no evidence of record to the contrary.
>
> …
>
> [W]e did not reject as inherently incredible [Appellee's] testimony to the effect that counsel had not advised him of the elements of aggravated assault as a felony of the first degree. Instead, in the absence of any evidence in the record to rebut his testimony, we accepted it.

PCRA Court Opinion, 7/20/15, at 9, 11 (citations omitted).

the PCRA court concluded Appellee proved prejudice.  We review this legal conclusion *de novo*.  ***Rigg***, ***supra***.

Viewing the evidence in the light most favorable to Appellee, there is no support for the conclusion that there was a reasonable probability that Appellee would not have pled guilty to aggravated assault if he knew the elements of the offense.  Specifically, Appellee provided the following reasons for his guilty plea.

> I didn't want to plead [to] aggravated assault at all.
>
> …
>
> The only reason I pled guilty at all was I was told either I plead guilty or I'm guaranteed to lose at trial and get twenty-five to life for attempted murder.
>
> …
>
> Well, a variety of things is [sic] what pushed me into the guilty plea.
>
> …
>
> The lack of communication between me and my lawyer, her lack of attempting to fight for me, refusing to file the motions that I requested her to. And the sight of my grieving mother thinking I'm going to get twenty-five to life because this attorney convinced her that's what's going to happen.

N.T., 5/7/14, at 6-7.  On cross-examination, Appellee acknowledged that in exchange for his guilty plea he also was aware that he would become RRRI eligible and that the sentences for the firearm offense and aggravated assault would be concurrent.  ***Id.*** at 9-10.  He further admitted that he gave

a statement to police confessing to the shooting and other witnesses would have testified against him at trial. *Id.* at 11.

Appellee did not testify that he would have elected to go to trial if his counsel informed him of the elements of aggravated assault. He did not present any evidence that his lack of knowledge of the elements of the offense was the reason for his guilty plea. Instead, he stated that his decision to plead guilty was largely motivated by his desire to avoid exposure to the potential sentence of 25 years' to life imprisonment for the charge of attempted murder. This is an independent reason that Appellee would have pled guilty even if he knew the elements of aggravated assault. There was no evidence presented at the PCRA hearing to support the conclusion that there was a reasonable probability that Appellee would have elected to forego a guilty plea and instead go to trial if he knew the elements of aggravated assault. *See Brandt*, *supra*. Therefore, we conclude the record does not support the PCRA court's determination that Appellee demonstrated the ineffective representation of guilty plea counsel prejudiced him. Because Appellee did not show prejudice, guilty plea counsel's failure to inform him of the elements of aggravated assault cannot be deemed ineffective representation.[3] *See Birdsong*, *supra*.

_____

[3] Given our conclusion that Appellee was not entitled to PCRA relief because he did not demonstrate prejudice, we do not need to address the Commonwealth's first issue regarding the burden of proof.

Based on the foregoing, we conclude that the PCRA court erred as a matter of law by granting Appellee a new trial based on guilty plea counsel's ineffectiveness. ***See Fears***, ***supra***. Accordingly, we reverse the PCRA court's July 20, 2015 order.

Order reversed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2016