J-S41002-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| V. | : | |
| | : | |
| | : | |
| KEYON BERTRAND COWAN | : | |
| | : | |
| Appellant | : | No. 389 MDA 2020 |

Appeal from the Judgment of Sentence Entered January 23, 2020,
in the Court of Common Pleas of Lancaster County,
Criminal Division at No(s): CP-36-CR-0003930-2019.

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED DECEMBER 01, 2020**

Keyon Bertrand Cowan appeals from the judgment of sentence imposed following the entry of his guilty pleas to possession of a small amount of marijuana, possession of drug paraphernalia, turning movements and required signals, and driving while operating privilege suspended.[1] Additionally, Cowan's appellate counsel has filed an application to withdraw from representation and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738, 744, (1967) (hereinafter the "**Anders** brief"). We grant counsel's application, and affirm the judgment of sentence.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 35 P.S. §§ 780-113(a)(31), (32); 75 Pa.C.S.A. §§ 3334(a), 1543(a).

The relevant factual and procedural history are summarized as follows. On June 25, 2019, Lancaster City police were conducting surveillance detail. During the detail, police observed a silver Buick Regal make multiple turn signal violations. They initiated a traffic stop. Cowan was the driver of the vehicle. During the course of the stop, Cowan was found to be in possession of a .9mm semi-automatic pistol, a clear plastic bag of marijuana, and a silver marijuana grinder containing marijuana residue. Police also determined that Cowan was operating the vehicle with a suspended driver's license, and had a prior conviction for driving with a suspended license. The Commonwealth charged Cowan with multiple vehicle and drug offenses.[2]

On January 23, 2020, the trial court conducted a plea hearing at which Cowan was represented by counsel. Prior to the hearing, Cowan had executed a written guilty plea colloquy, which both Cowan and his counsel signed. Cowan also signed a Guilty Plea slip listing the charges to which he was pleading guilty, and a form entitled Acknowledgment of Post-Sentence Procedures Following Guilty Plea, which advised him of his appellate rights upon entering a guilty plea. During the hearing, Cowan admitted to the trial court that he was in possession of marijuana and drug paraphernalia on the

---

[2] The Commonwealth also charged Cowan with firearms not to be carried without a license. However, that charge was eventually *nolle prossed*, as it was determined that Cowan had a valid license to carry the firearm. The Commonwealth also *nolle prossed* two additional counts of turning movements and required signals.

date in question. The trial court conducted a brief colloquy on the record before accepting Cowan's guilty pleas to possession of a small amount of marijuana, possession of drug paraphernalia, turning movements and required signals, and driving while operating privilege suspended. At the conclusion of the hearing, the trial court imposed costs of prosecution and fines totaling $225. Cowan did not file a post-sentence motion.

Cowan thereafter filed a timely notice of appeal. The trial court ordered Cowan to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In response, Cowan's appellate counsel[3] filed a timely statement of intent to file an **Anders** brief *in lieu* of a statement of errors complained of on appeal. The trial court then filed a statement *in lieu* of a Pa.R.A.P. 1925(a) opinion. In this court, Cowan's appellate counsel filed an application to withdraw from representation and an **Anders** brief. Cowan did not retain independent counsel or file a *pro se* response to the **Anders** brief.

Before we may consider the issues raised in the **Anders** brief, we must first consider counsel's application to withdraw from representation. **See Commonwealth v. Garang**, 9 A.3d 237, 240 (Pa. Super. 2010) (holding that, when presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to

---

[3] In both the trial court and in this Court, Cowan received representation from the Office of the Public Defender. However, a different public defender represented Cowan at his plea hearing.

withdraw). Pursuant to **Anders**, when counsel believes an appeal is frivolous and wishes to withdraw from representation, counsel must do the following:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined the appeal would be frivolous; (2) file a brief referring to any issues that might arguably support the appeal, but which does not resemble a no-merit letter; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel, proceed *pro se*, or raise any additional points he deems worthy of this Court's attention.

**Commonwealth v. Edwards**, 906 A.2d 1225, 1227 (Pa. Super. 2006) (citation omitted). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), our Supreme Court addressed the second requirement of **Anders**, *i.e.*, the contents of an **Anders** brief, and required that the brief

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Once counsel has satisfied the **Anders** requirements, it is then this Court's responsibility "to conduct a simple review of the record to ascertain if there appear on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." **Commonwealth v. Dempster**, 187 A.3d 266, 272 (Pa. Super. 2018).

Here, appellate counsel has complied with each of the requirements of **Anders**. Counsel indicated that he conscientiously examined the record and determined that an appeal would be frivolous. Further, counsel's **Anders** brief comports with the requirements set forth by our Supreme Court in **Santiago**. Finally, the record includes a copy of the letter that counsel sent to Cowan stating counsel's intention to seek permission to withdraw, and advising Cowan of his immediate right to proceed *pro se* or retain alternate counsel and file additional claims. Accordingly, counsel has complied with the procedural requirements for withdrawing from representation, and we will conduct an independent review to determine whether Cowan's appeal is wholly frivolous.

In the **Anders** Brief, counsel raises the following issues:

1. Was Cowan's guilty plea entered knowingly, voluntarily, and intelligently?

2. Did the trial court impose an illegal sentence?

3. Did plea counsel render ineffective assistance to Cowan?

**Anders** Brief at 8-11.[4]

---

[4] In the **Anders** brief, counsel framed the sole issue for our determination as whether he should be permitted to withdraw from representation on the basis of frivolity; however, the brief's argument section identifies three discrete issues that Cowan wished to raise and explains why counsel concluded the issues were frivolous. Thus, we have identified the issues discussed by counsel in the brief.

The first issue raised in the ***Anders*** brief concerns the validity of Cowan's guilty plea, and whether it was entered knowingly, voluntarily, and intelligently. When determining whether a defendant has entered into a guilty plea knowingly, voluntarily, and intelligently, the trial court should consider the oral and written plea colloquy and off-the-record communications between the defendant and counsel. ***Commonwealth v. Allen***, 732 A.2d 582, 588-89 (Pa. 1999). During a guilty plea, the trial court must conduct an inquiry with a defendant on the record which addresses the following: (1) does the defendant understand the nature of the charges; (2) is there a factual basis for the plea; (3) does the defendant understand his right to a jury trial; (4) does the defendant understand he is presumed innocent until proven guilty; (5) is the defendant aware of the permissible range of sentences; and (6) is the defendant aware the judge is not bound by the terms of any plea agreement. ***See Commonwealth v. Muhammad***, 794 A.2d 378, 383 (Pa. Super. 2002); ***see also Commonwealth v. Hallock***, 722 A.2d 180, 182 (Pa. Super. 1998); Pa.R.Crim.P. 590 Comment. The express purpose for conducting this colloquy is to ensure a defendant understands the nature of the charges to which he is pleading guilty and the rights he is waiving by pleading guilty. ***Commonwealth v. Carter***, 656 A.2d 463, 465 (Pa. 1995).

The questioning of a defendant may be conducted by the judge, an attorney for either party, or by written colloquy. ***Commonwealth v. Harris***, 589 A.2d 264, 265 (Pa. Super. 1991). If the written colloquy is used, it must

be completed and signed by the defendant and made part of the record. *Id*. It must also be supplemented by some oral explanation. *Id*.

In the ***Anders*** brief, counsel indicates that Cowan wished to challenge his guilty plea because he did not realize that, by pleading guilty to the possessory charges filed against him, he would lose his license to carry a firearm. Counsel indicates that he reviewed the notes of testimony from the guilty plea hearing and determined that there was a factual basis for the guilty plea, and that it was entered knowingly, voluntarily, and intelligently by Cowan. Counsel points out that Cowan completed and signed a written guilty plea colloquy. Counsel further points out that Cowan responded affirmatively when asked by the trial court if he possessed marijuana and drug paraphernalia on the date in question. Counsel additionally notes that the trial court confirmed that Cowan had reviewed the guilty plea colloquy with counsel and that he signed the guilty plea colloquy. Counsel indicates that the trial court also conducted a brief colloquy on the record to confirm that Cowan fully understood his rights, and that it was his decision to plead guilty. Finally, counsel notes that Cowan signed the Guilty Plea slip, indicating that he understood he was entering a plea of guilty to the charges. For these reasons, counsel submits that Cowan's challenge to his guilty plea is wholly frivolous.

Our review of the record discloses that Cowan completed a written guilty plea colloquy covering all necessary topics for a valid plea colloquy. The

written colloquy indicated the nature of the charges against Cowan, and specified the maximum fines and penalties associated with each offense. Guilty Plea Colloquy, 1/23/20, at 2. Cowan indicated that he had reviewed with his counsel a sentencing guidelines worksheet prepared by the district attorney. *Id*. at 2. Cowan indicated that he understood his right to a jury trial, and that he is presumed innocent until proven guilty. *Id*. at 1. Cowan further indicated that he understood that the trial judge would not be bound by the terms of any plea agreement. *Id*. Cowan also signed a Guilty Plea slip indicating the charges to which he was pleading guilty, and an Acknowledgment of Post Sentence Procedures Following Guilty Plea, which advised him of his appellate rights.

Our review further confirms that the trial court conducted a brief colloquy on the record wherein Cowan admitted that he was in possession of marijuana and paraphernalia on the date in question. N.T., 1/23/20, at 3. The trial court informed Cowan that the maximum sentences and fines that could be imposed for the charges of possession of a small amount of marijuana and possession of drug paraphernalia were one year and one month in prison, and $3,000 in fines. *Id*. at 3.[5] In response, Cowan indicated that he

_____

[5] The written guilty plea colloquy indicates that the maximum aggregate sentence that the trial court could impose for all four charges pending against Cowan was one year and seven months in prison, and the maximum fines for all four charges totaled $4,025.00. *See* Written Guilty Plea Colloquy, 1/23/20, at 2.

- 8 -

understood the penalties and fines that could be imposed by the court for the possessory offenses. *Id*. At the hearing, defense counsel informed the court that Cowan had a previous conviction for driving while operating privileges suspended, but noted that there was no mandatory jail time for that offense. *Id*. at 4. The trial court inquired whether Cowan had reviewed all of his rights with his counsel, and whether it was his signature on the written guilty plea colloquy and appellate rights form. *Id*. Cowan answered in the affirmative to each of the trial court's questions. *Id*. The trial court then asked Cowan if he had any questions regarding his rights, and Cowan responded in the negative. *Id*. at 3-4.

Based on our review of the record, we find no basis to conclude that Cowan's guilty pleas were entered unknowingly, involuntarily, or unintelligently. That the written and oral colloquies did not specifically advise Cowan that he would lose his license to carry a firearm as a result of his guilty pleas to the possessory drug charges is not a basis for relief. As our Supreme Court has explained, a defendant's lack of knowledge of collateral consequences of the entry of a guilty plea does not undermine the validity of the plea. *See Commonwealth v. Abraham*, 62 A.3d 343, 350 (Pa. 2012); *see also Commonwealth v. Barndt*, 74 A.3d 185, 193 (Pa. Super. 2013) (holding that collateral consequences are irrelevant to the determination of whether a guilty plea was entered voluntarily or knowingly); *Commonwealth v. Brown*, 680 A.2d 884, 887 (Pa. Super. 1996) (holding that the appellate

courts of the Commonwealth consistently have ruled that a defendant's lack of knowledge of collateral consequences to the entry of a guilty plea does not render a plea unknowing or involuntary).

"[T]the distinction between a direct and collateral consequence of a guilty plea . . . [is] the distinction between a criminal penalty and a civil requirement over which a sentencing judge has no control." **Commonwealth v. Abraham**, 62 A.3d 343, 350 (Pa. 2012) (quoting **Commonwealth v. Leidig**, 956 A.2d 399, 404 (2008)). Importantly, "the collateral consequences of pleading guilty include loss of the right to vote, enlist in the armed services, **own a firearm**, hold a fishing license, inherit property, or practice a particular profession." **Id**. at 350 n.8 (emphasis added); **see also Commonwealth v. Duffey**, 639 A.2d 1174, 1176 (Pa. 1994).

As the loss of Cowan's license to own a firearm was a collateral consequence of his guilty pleas over which the trial court had no control, his ignorance of this consequence has no bearing on the validity of his pleas. Thus, we agree with counsel that this issue is wholly frivolous.

The second issue raised in the **Anders** brief concerns the legality of Cowan's sentence. Counsel indicates that, upon Cowan's arrest for the charges in question, Cowan spent ten days less than two months in jail, until he posted bail. Counsel notes that Cowan had a prior record score of zero.

Counsel maintains that he reviewed Cowan's sentence, and finds no basis to challenge its legality.[6]

Based on the record before us, we agree with counsel's conclusion that any challenge to the legality of Cowan's sentence would be frivolous. Although the trial court could have sentenced Cowan to more than one and one-half years in prison for his offenses, the court imposed no incarceration. The trial court could have imposed fines up to $4,025; however, the trial court merely assessed Cowan with the costs of prosecution and imposed fines on two of his offenses totaling $225.00. Given these considerations, we discern no basis to challenge the legality of the sentence imposed. Accordingly, we agree with counsel that any such challenge would be frivolous.

The final issue raised in the **Anders** brief concerns Cowan's belief that his plea counsel was ineffective for failing to advise him that a collateral consequence of his guilty pleas to possession of a small amount of marijuana and possession of drug paraphernalia would be the loss of his license to carry a firearm. Counsel concluded that this issue was frivolous because claims of ineffective assistance of counsel are generally not reviewed on direct appeal,

---

[6] We observe that Cowan did not preserve any challenge to the discretionary aspects of his sentence at the time of sentencing or in a post-sentence motion. **See Commonwealth v. McAfee**, 849 A.2d 270, 275 (Pa. Super. 2004) (holding that a challenge to the discretionary aspects of a sentence must be raised in a post-sentence motion or during the sentencing proceedings, and absent such efforts, any such challenge is waived). Thus, any challenge to the discretionary aspects of Cowan's sentence could not be pursued in this direct appeal.

and are to be deferred to collateral review under the Post Conviction Relief Act ("PCRA").

"[A]s a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." ***Commonwealth v. Grant***, 813 A.2d 726, 738 (Pa. 2002). Our Supreme Court has recognized two very limited exceptions to the general rule: (1) in extraordinary circumstances where claims of trial counsel's ineffectiveness are apparent from the record and immediate consideration best serves the interests of justice and/or; (2) where there is good cause shown and review of the claim is preceded by a waiver of the right to seek collateral review. ***Commonwealth v. Holmes***, 79 A.3d 562, 563-64 (Pa. 2013). More recently, our Supreme Court also adopted a third exception, which requires "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." ***Commonwealth v. Delgros***, 183 A.3d 352, 361 (Pa. 2018) (holding that that where a defendant is statutorily ineligible for PCRA review as a result of a sentence that imposed only a fine, due process requires that an exception be made to the general rule barring review of collateral claims on direct review).

Here, the first two exceptions to the general deferral rule do not apply. Plea counsel's ineffectiveness is not apparent from the record, and Cowan never executed a waiver of his PCRA rights. With respect to the third exception, Cowan is not eligible for PCRA relief because his sentence consisted

of only fines and costs. *See* 42 Pa.C.S.A. § 9543(a)(1)(i) (stating that to be eligible for PCRA relief, the petitioner must, in part, "plead and prove by a preponderance of the evidence that the petitioner has been convicted of a crime under the laws of this Commonwealth and is at the time relief is granted . . . currently serving a sentence of imprisonment, probation or parole for the crime"). Thus, the third exception may apply in this case.

However, the three exceptions to the general deferral rule contemplate the allowance of **trial court** discretion to entertain ineffectiveness claims prior to collateral review when an exception applies. *See Delgros*, 183 A.3d at 360-61; *see also Holmes*, 79 A.3d at 576 (stating, "unitary review effectively advances a PCRA attack to the post-verdict stage"). Thus, it is for trial court, in the first instance, to decide ineffectiveness claims in those limited instances in which an exception applies.

Notably, in **Delgros**, the defendant was convicted of receiving stolen property, but was not sentenced to any term of imprisonment, probation, or parole. Instead, the trial court imposed a fine and ordered him to pay restitution. 183 A.3d at 345. The defendant obtained new counsel and filed a post-sentence motion challenging, *inter alia*, trial counsel's infectiveness. *Id*. The trial court declined to review the ineffectiveness claims under the **Grant** general deferral rule, and on direct appeal, this Court affirmed on the basis that neither of the **Holmes** exceptions applied. Our Supreme Court vacated the judgment of sentence and remanded for the trial court to consider

the ineffectiveness claims raised in the defendant's post-sentence motion. *Id*. at 363. In so doing, the Court adopted the third exception to the *Grant* general deferral rule, requiring *trial courts* to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review. *Id*. at 361.

Here, unlike in *Delgros*, Cowan did not raise a claim of plea counsel ineffectiveness before the trial court. We have found no authority allowing for appellate review of an ineffectiveness claim when the defendant has failed to raise it before the trial court in the first instance. *See* Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and cannot be raised for the first time on appeal). Rather, our Supreme Court has repeatedly emphasized the importance of allowing meaningful consideration of an ineffectiveness claim by the trial court prior to appellate review. In *Grant*, in which our Supreme Court announced the general deferral rule, the Court observed that appellate review is impractical without an adequate record in the court below. *See Delgros*, 183 A.3d 360-61. We therefore conclude that, in the instant case, any claim of plea counsel's ineffectiveness is waived, and cannot be addressed by this Court.[7]

---

[7] Even if Cowan had preserved his ineffectiveness claim, he would not be entitled to relief. The appellate courts of this Commonwealth have consistently held that plea counsel is not constitutionally ineffective for failing to advise a defendant of the collateral consequences of a guilty plea. *Commonwealth v. Abraham*, 62 A.3d 343, 350 (Pa. 2012) (citing

Finally, as required by **Anders**, we have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case. Our independent review of the record discloses no other non-frivolous issues that Cowan could raise that his appellate counsel overlooked. **See Dempster**, **supra**. Having concluded that there are no meritorious issues, we grant counsel's application to withdraw and affirm Cowan's judgment of sentence.

Application to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/1/2020

---

**Commonwealth v. Frometa**, 555 A.2d 92, 93 (Pa. 1989) (noting that defense counsel need only advise a criminal defendant of the direct consequences of pleading guilty)). As explained above, the loss of the right to own a firearm is a collateral consequence of pleading guilty. **See Abraham**, 62 A.3d at 350 n.8. Thus, Cowan's plea counsel was not ineffective for failing to advise Cowan that, by pleading guilty to the possessory drug charges, he would lose his license to carry a firearm.