J-A04030-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYRELL ARTIS | : | |
| | : | |
| Appellant | : | No. 2757 EDA 2022 |

Appeal from the PCRA Order Entered September 22, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011178-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYRELL ARTIS | : | |
| | : | |
| Appellant | : | No. 2758 EDA 2022 |

Appeal from the PCRA Order Entered September 22, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0005218-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TYRELL ARTIS | : | |
| | : | |
| Appellant | : | No. 2760 EDA 2022 |

Appeal from the PCRA Order Entered September 22, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006575-2013

BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED MAY 20, 2024**

Tyrell Artis appeals from the order dismissing his Post Conviction Relief Act ("PCRA") petition. **See** 42 Pa.C.S.A. §§ 9541-9546. Artis argues that his trial and appellate counsel were ineffective. We affirm.

In April 2015, Artis pleaded guilty to numerous crimes at three dockets. In all, he pleaded guilty to one count each of conspiracy (to commit robbery), possessing an instrument of crime, aggravated assault, and robbery, and two counts each of persons not to possess firearms, firearms not to be carried without a license, and carrying firearms on public streets in Philadelphia.[1] Artis's crimes stem from a robbery of a home, resulting in one of the residents being shot in the foot by Artis's codefendant. The court sentenced him to an aggregate term of 39½ to 79 years' incarceration. Artis filed a motion for reconsideration, which the court denied. **See** Order Denying Motion for Reconsideration of Sentence, filed 4/20/17. We affirmed the judgment of sentence. **Commonwealth v. Artis**, No. 1896 EDA 2017, 2019 WL 2304042, at *1 (Pa.Super. filed May 30, 2019).

Artis filed the instant PCRA petition on April 28, 2020. The court appointed counsel who filed an amended PCRA petition. **See** Amended Post Conviction Relief Act Petition, filed 5/8/21. Relevant to this appeal, Artis raised a claim of ineffective assistance of trial and appellate counsel. **See id.** at 14.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 903, 907, 2702, 3701, 6105, 6106, and 6108, respectively.

He alleged trial counsel was ineffective for failing to object during Artis's oral guilty colloquy, "as not all of the requirements of an oral guilty plea colloquy were satisfied by the trial court[.]" *Id.* He claimed that appellate counsel was ineffective for failing to challenge his oral guilty plea colloquy on direct appeal. *See id.* The court issued notice of its intent to deny in part the PCRA petition as to his ineffectiveness claims "[b]ecause the written colloquies adequately supplemented the oral colloquy[.]" Pa.R.Crim.P. 907 Notice, filed 4/25/22. The court ultimately granted relief on a sentencing-related claim not at issue in this appeal,[2] and denied the petition as to the claim related to the oral colloquy. This timely appeal followed.

Artis raises the following issue:

Whether the trial (PCRA) court erred, when it dismissed, in part, appellant Tyrell Artis's amended PCRA petition as being without merit, as the claim raised has merit, as trial counsel was ineffective for failing to object during appellant Tyrell Artis's oral guilty plea colloquy, as not all of the requirements of an oral guilty plea colloquy were satisfied by the trial court and appellate counsel was ineffective for failing to raise the issue of an inadequate oral guilty plea colloquy on direct appeal?

Artis's Br. at 4.

"When reviewing the denial of a PCRA petition, we must determine whether the PCRA court's order is supported by the record and free of legal error." *Commonwealth v. Anderson*, 234 A.3d 735, 737 (Pa.Super. 2020) (citation omitted).

_____

[2] The court later resentenced Artis, and he appealed. We dispose of those appeals in a separate memorandum. *See* Nos. 563, 564, and 565 EDA 2023.

- 3 -

Counsel is presumed effective. *See Commonwealth v. Ousley*, 21 A.3d 1238, 1244 (Pa.Super. 2011). To overcome this presumption, the petitioner must show that: "(1) his underlying claim is of arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) the petitioner suffered actual prejudice as a result." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). "[T]he inability of a petitioner to prove each prong . . . in respect to trial counsel's purported ineffectiveness alone will be fatal to his layered ineffectiveness claim." *Commonwealth v. Tedford*, 960 A.2d 1, 13 (Pa. 2008) (citation omitted). "In the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea." *Commonwealth v. Thomas*, 270 A.3d 1221, 1226 (Pa.Super. 2022) (citation omitted).

A valid guilty plea is one that a defendant enters knowingly, intelligently, and voluntarily. *Commonwealth v. Pollard*, 832 A.2d 517, 522 (Pa.Super. 2003). Rule 590 provides that in accepting a guilty plea, the trial court "shall conduct a separate inquiry of the defendant on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea . . . is based." Pa.R.Crim.P. 590(B)(2). At a minimum, the court should ask questions of the defendant that would elicit the following information:

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> (2) Is there a factual basis for the plea?

- 4 -

(3) Does the defendant understand that he or she has the right to trial by jury?

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

(7) Does the defendant understand that the Commonwealth has a right to have a jury decide the degree of guilt if the defendant pleads guilty to murder generally?

*Id.* at comment. "[N]othing in the rule would preclude the use of a **written** colloquy that is read, completed, signed by the defendant, and made part of the record of the plea proceedings." *Id.* (emphasis added); *see Commonwealth v. Harris*, 589 A.2d 264, 265 (Pa.Super. 1991). In such cases, the written colloquy should be supplemented with some oral questions from the court. *See* Pa.R.Crim.P. 590, comment. "[A] plea of guilty will not be deemed invalid if the circumstances surrounding the entry of the plea disclose that the defendant had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." *Commonwealth v. Reid*, 117 A.3d 777, 783 (Pa.Super. 2015) (quoting *Commonwealth v. Fluharty*, 632 A.2d 312, 315 (Pa.Super. 1993)).

Artis alleges that trial counsel was ineffective for not challenging his guilty plea. He also claims that appellate counsel was ineffective for failing to challenge his guilty plea on direct appeal. He maintains that his plea is faulty

because it did not include "all of the requirements of an oral guilty plea colloquy[.]" Artis's Br. at 14. Artis notes that the court did not ask the following questions consistent with Rule 590:

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> (3) Does the defendant understand that he or she has the right to trial by jury?
>
> (4) Does the defendant understand that he or she is presumed innocent until found guilty?
>
> (5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

*Id.* at 23-24. Artis claims he would not have entered the plea if the court had asked these questions. *Id.* at 25.

The PCRA court rejected this argument. It explained that "[b]ecause the oral plea colloquy was adequately supplemented by the written colloquy, [Artis's] claims are without merit." Rule 1925(a) Opinion, filed 12/20/22, at 5. The court pointed out that before the oral colloquy, Artis signed three written colloquies, and "[a]ll of the four questions missing from the oral colloquy were directly addressed in each of the written colloquies." *Id.* at 6.

This decision is supported by the record and free of legal error. Artis does not mention that he completed and signed three written colloquy forms. *See* Written Guilty Plea Colloquies, dated 4/22/15. Each of Artis's written colloquies covered the requisite matters that the court did not inquire about at the plea hearing. *See* Written Guilty Plea Colloquies at 1 (noting the nature

- 6 -

of charges to which Artis pled guilty, his right to a jury trial, his presumption of innocence, and the range of sentences and fines for his charges). We note that Artis's signature appears below the following statement, "I have read all of the above, or my lawyer read it to me. I understand it. My answers are all true and correct." *Id.* at 3. Artis has not claimed that he did not sign the forms. The written colloquy forms were a sufficient basis for the trial court to conclude that Artis "had a full understanding of the nature and consequences of his plea and that he knowingly and voluntarily decided to enter the plea." *Reid*, 117 A.3d at 783.

Trial counsel was not ineffective for failing to raise this meritless issue. *See Commonwealth v. Spotz*, 896 A.2d 1191, 1222 (Pa. 2006) ("counsel will not be deemed ineffective for failing to raise a meritless claim"). Since Artis's claim against trial counsel is meritless, his ineffectiveness claim against appellate counsel also fails. *Tedford*, 960 A.2d at 13. We affirm the order denying in part his PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/20/2024

- 7 -