**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DERRICK LORENZO BUTLER | : | |
| | : | |
| Appellant | : | No. 299 MDA 2023 |

Appeal from the PCRA Order Entered February 17, 2023
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000523-2018

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and MURRAY, J.

MEMORANDUM BY PANELLA, P.J.E.:          **FILED OCTOBER 17, 2024**

Derrick Lorenzo Butler appeals from the Dauphin County Court of Common Pleas' order dismissing his petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546. Butler asserts trial counsel was ineffective for failing to advise him to file a writ of *habeas corpus* and for failing to object to his guilty plea colloquy. After careful review, we affirm.

The factual summary offered at the guilty plea on October 15, 2019, established that on November 25, 2017, Butler, who was ineligible to possess a firearm due to a prior conviction for aggravated assault, shot and killed JahSun Patton during a party. Butler was initially charged with murder in the first degree and persons not to possess firearms.[1] The parties negotiated a

---

[1] 18 Pa.C.S.A. §§ 2502(a), and 6105(a)(1), respectively.

plea to third degree murder and person not to possess firearms for an aggregate negotiated sentence of 25 to 50 years' incarceration.[2]

With respect to the issues raised in the current proceeding, plea counsel, when urging the trial court to accept the negotiated sentence, explained that the charges resulted from "alcohol, guns, drugs and mental illness" and that Butler suffered from Post-Traumatic Stress Disorder due to having been shot by a police officer earlier in his life. N.T., 10/15/19, at 10. Additionally, plea counsel informed the court that during his incarceration Butler had "met with a psychiatrist. He's been taking medications, he's been doing extremely well in terms of being a model inmate." *Id*. at 11. Plea counsel did not otherwise elaborate on Butler's mental health and medications, nor did the trial court ask any questions on that topic. Following acceptance of the negotiated plea and sentence, Butler did not file a post-sentence motion nor pursue a direct appeal.

Butler filed a timely PCRA petition, ultimately receiving reinstatement of his direct appeal rights. This Court affirmed the judgment of sentence. **See Commonwealth v. Butler**, 2022 WL 471580 (Pa. Super. filed Feb. 16, 2022) (unpublished memorandum). Butler filed the instant PCRA petition on April 11, 2022. The PCRA court appointed counsel, who filed a **Turner/Finley** no-

---

[2] 18 Pa.C.S.A. § 2502(c), and 6105(a)(1), respectively.

merit letter[3] and accompanying petition to withdraw. Butler filed an objection to the letter. The PCRA court issued its notice of intent to dismiss without a hearing on October 26, 2022, with an accompanying opinion. **See** Pa.R.Crim.P. 907(1). The PCRA court further granted counsel's request to withdraw within the notice of intent to dismiss. Butler filed an objection, which largely mirrored the preceding objection. The PCRA court formally dismissed the petition on February 17, 2023. Butler filed a timely notice of appeal and complied with the court's order to file a Rule 1925(b) statement.[4] **See** Pa.R.A.P. 1925(b). Butler raises the following claims:

---

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[4] The Notice of Appeal purported to be taken from the order of October 26, 2022, which was the notice of intent to dismiss. **See** Notice of Appeal IFP, 2/22/23. This Court issued a rule to show cause as to why the appeal should not be quashed as untimely. Butler asserted that it was a typographical error, and we discharged the rule to show cause.

The Commonwealth's brief does not address the merits of Butler's appeal, and instead asks this Court to deem the appeal interlocutory as Butler appealed from a non-final order, or, in the alternative, quash the appeal as untimely since Butler failed to file a notice of appeal within thirty days of October 26, 2022. We decline to do so, as Butler clearly intended to appeal from the order disposing of his PCRA petition. The chronological timeline leaves no doubt on that score, and the PCRA court similarly readily understood that Butler intended to appeal the final dismissal. We elect to treat the appeal as if filed from the order dismissing Butler's petition. **See Commonwealth v. One 1988 Ford Coupe**, 574 A.2d 631, 633 n.1 (Pa. Super. 1990) (noting that error in notice of appeal, which listed non-existent order, was harmless); **accord** Pa.R.A.P. 902(b)(1) (setting forth general rule that, with the exception of a failure to timely file a notice of appeal, defects in the notice of appeal are "subject to such action as the appellate court deems appropriate").

1. Did the PCRA court commit an error of law when it dismissed [Butler]'s PCRA petition, because [Butler]'s Plea Counsel rendered ineffective assistance of counsel when she failed to object to the trial court's failure to inquire into whether [Butler's] antipsychotic medication impaired his judgment when he entered into the plea agreement[?]

2. Did PCRA counsel render[] [i]nadequate assistance of counsel when she failed to raise trial counsel's failure to advise [Butler] that, in addition to pleading guilty or proceeding to trial, he had a third option of filing a Writ Of Habeas Corpus challenging the hearsay evidence offered at his preliminary hearing[?]

Appellant's Brief, at 4.

"In reviewing a denial of PCRA relief, we look to whether the lower court's factual determinations are supported by the record and are free of legal error. With respect to the PCRA court's legal conclusions, we apply a *de novo* standard of review." **Commonwealth v. Lopez**, 249 A.3d 993, 998 (Pa. 2021) (citation omitted).

Both of Butler's claims challenge the constitutional adequacy of his attorneys' performance. The test for ineffective assistance of counsel is the same under both the United States and Pennsylvania Constitutions. **See Strickland v. Washington**, 466 U.S. 668, 687-88 (1984); **Commonwealth v. Kimball**, 724 A.2d 326, 330-32 (Pa. 1999). Butler must establish that (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. **See Commonwealth v. Solano**, 129 A.3d 1156, 1162-63 (Pa. 2015).

For ease of discussion, we begin with the second claim as it may be readily disposed. Butler maintains that plea counsel ineffectively failed to inform him that he could have filed a petition for a writ of *habeas corpus* on the basis that the Commonwealth purportedly relied exclusively on hearsay to hold the charges for court. The basis for this claim is our Supreme Court's decision in **Commonwealth v. McClelland**, 233 A.3d 717 (Pa. 2020), which overruled a decision by this Court holding that hearsay alone can establish a *prima facie* case at a preliminary hearing. This claim fails because **McClelland** case was not decided until July 21, 2020, approximately eight months after Butler's judgment of sentence became final. Accordingly, Butler cannot establish that counsel was ineffective on this basis.[5] **See Commonwealth v. Drummond**, 285 A.3d 625, 645 (Pa. 2022) (observing well-settled principle that "counsel cannot be held ineffective for failing to anticipate a change in the law.") (internal quotation marks and footnote omitted).

Turning to Butler's guilty plea colloquy complaints, we observe Pennsylvania Rule of Criminal Procedure 590 requires that, before accepting a guilty plea, the trial judge must "conduct a separate inquiry of the defendant

_____

[5] We note that Butler cites **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), in connection with his **McClelland** claim, thereby implicating whether PCRA counsel was ineffective for failing to address this claim in her no-merit letter. However, as the underlying claim that plea counsel was ineffective fails, the layered claim of PCRA counsel ineffectiveness necessarily fails. **See Commonwealth v. Johnson**, 139 A.3d 1257, 1272 (Pa. 2016) ("[C]ounsel cannot be deemed ineffective for failing to raise a meritless claim.") (citation omitted).

on the record to determine whether the defendant understands and voluntarily accepts the terms of the plea agreement on which the guilty plea or plea of *nolo contendere* is based." Pa.R.Crim.P. 590(B)(2).

> Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement.

***Commonwealth v. Kelley***, 136 A.3d 1007, 1013 (Pa. Super. 2016) (citation omitted).

"The questioning confirming that a defendant is aware of these factors may be conducted by the judge, the attorney or either party or by written colloquy." ***Commonwealth v. Harris***, 589 A.2d 264, 265 (Pa. Super. 1991). "This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea." ***Kelley***, 136 A.3d at 1013 (citation omitted).

Butler claims plea counsel was ineffective for "failing to object to the defect in the guilty plea colloquy." Appellant's Brief, at 11. Butler asserts the defect is the court's failure to question what medications he was on and whether they affected his ability to understand the proceeding. ***See id.*** Butler avers his plea was involuntarily entered as he was under the influence of his medications at the time he entered his plea. ***See id.*** at 14.

With regard to the voluntariness of a plea, a guilty plea colloquy must affirmatively demonstrate the defendant understood what the plea connoted and its consequences. Once the defendant has entered a guilty plea, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Competence to plead guilty requires a finding that the defendant comprehends the crime for which he stands accused, is able to cooperate with his counsel in forming a rational defense, and has a rational factual understanding of the proceedings against him.

*Commonwealth v. Willis*, 68 A.3d 997, 1002 (Pa. Super. 2013) (citations and quotation marks omitted). Notably, "the mere fact Appellant was taking prescribed psychotropic medication at the time of his plea does not, of itself, result in the conclusion he was unable to enter a knowing, voluntary, and intelligent guilty plea." *Id.* at 1009 (citation omitted).

The PCRA court found Butler's claim lacks merit:

Upon review of the guilty plea transcripts, there is no indication that [Butler]'s medication or mental health status impaired his ability to enter a guilty plea. In order to be competent to proceed in court, a defendant must have the ability to understand the nature and object of the proceedings and have the ability to participate and assist in his defense. In this case, the guilty plea agreement was reviewed on the record with [Butler]. [Butler] answered questions when asked and indicated that he understood the agreement and the implications of taking the agreement. Plea counsel spoke about how [Butler] was seeing a psychiatrist at Dauphin County Prison, was taking his medication, and was doing extremely well in terms of being a model inmate. There is nothing in the record that would indicate that [Butler] was impaired in any way. The record shows that [Butler] entered his guilt plea knowingly, intelligently, and voluntarily.

Lastly, we find that [Butler]'s guilty plea colloquy was adequate. The Superior Court of Pennsylvania has established six areas that must be covered by a colloquy in order to be adequate: "1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the

- 7 -

sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." ***Commonwealth v. Jabbie***, 200 A.3d 500, 506 (Pa. Super. 2018. Here, upon review of the written guilty plea colloquy, the nature of the charges, the right to a jury trial, the presumption of innocence, the sentencing range, and the plea court's power to deviate from any recommended sentence are included in the colloquy. The factual basis for the plea was read into the record during the guilty plea hearing. [Butler] stated that he was familiar with the document, that he reviewed it with his attorney, that he understood the colloquy, and that he did not have any questions regarding the colloquy. Thus we find that the guilty plea colloquy was adequate and could not have induced an unlawful guilty plea.

Trial Court Memorandum Opinion, 10/26/22, at 7-8 (most citations omitted).

We agree. On independent review, the PCRA court's factual findings are supported by the record and there is no error in its legal conclusions. ***See***

***Lopez***, 249 A.3d at 998. We therefore affirm the order dismissing Butler's PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>10/17/2024</u>